

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2008

# USA v. Tanis

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2077

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Tanis" (2008). *2008 Decisions.* Paper 778.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/778

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 07-2077 and 07-2078
_____

UNITED STATES OF AMERICA

v.

JOHN C. TANIS, III,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Nos. 05-cr-00117 and 07-cr-00090)
District Judge:  Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2008

Before:  AMBRO, FISHER and MICHEL,[*] *Circuit Judges*.

(Filed: July 30, 2008)
_____

OPINION OF THE COURT
_____

---

[*]The Honorable Paul R. Michel, Chief Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

FISHER, *Circuit Judge*.

John Tanis pled guilty to illegal possession of firearms, 18 U.S.C. § 922(g), and misprision of a felony, 18 U.S.C. § 4. The District Court sentenced him to imprisonment totaling 72 months. Tanis appeals his sentence. He argues that the sentence is unreasonable because if the Court had properly considered the factors outlined in 18 U.S.C. § 3553, it would have imposed a shorter sentence. For the reasons set forth below, we will affirm.

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Tanis has a criminal history dating back to 1993. He was convicted in New Jersey and Pennsylvania state courts of multiple counts of cruelty to animals and unlawful possession of weapons. He fled from justice at least once and was subsequently arrested in a different state on a fugitive warrant.

In 2005, a confidential informant told FBI agents that Tanis was in possession of machine guns. The subsequent investigation resulted in searches of his home, his vehicles, and various gun shops. Tanis cooperated in the investigation, and the end result was the seizure of over 170 firearms, plus ammunition and gun parts.

In 2006, Tanis pled guilty to possession of firearms by an individual who has been convicted of a crime punishable by imprisonment for a term exceeding one year. 18 U.S.C. § 922(g)(1). After his guilty plea but before his sentencing, Tanis attempted to deposit into his mother's bank account ten altered or counterfeit checks. He was indicted for bank fraud, possessing and uttering forged securities, and passing or attempting to pass false and fictitious financial instruments. Tanis and the government entered into a plea agreement whereby Tanis pled guilty to misprision of a felony and the parties agreed that the appropriate sentence was 12 months and a day, to be served consecutively to the sentence for the § 922(g) conviction.

In two back-to-back sentencing hearings on March 30, 2007, the District Court handed down sentences for Tanis's crimes. For the § 922(g) offense, the Court imposed a sentence of sixty months' imprisonment followed by three years' supervised release. For the misprision of a felony, the Court accepted the plea agreement and imposed a sentence of twelve months and a day.

On April 11, 2007, Tanis filed a notice of appeal.[1]  The consolidated appeal is now

before us.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We

"consider the substantive reasonableness of [a] sentence . . . under an abuse-of-discretion

standard."  *United States v. Smalley*, 517 F.3d 208, 214 (3d Cir. 2008) (citing *Gall v.

United States*, 128 S. Ct. 586, 597 (2007)).  "We review for plain error . . . when a

defendant did not object to a purported error before the sentencing court."  *United States

v. Bernard*, 373 F.3d 339, 341 (3d Cir. 2004).

## III.

Tanis's sole argument is that his sentences, which totaled 72 months'

imprisonment, were unreasonable.  He claims that the District Court did not adequately

consider the 18 U.S.C. § 3553(a) factors when determining his sentences.  Tanis did not

---

[1]It appears that Tanis's notice of appeal was not timely.  Fed. R. App. P. 4(b)
provides that a notice of appeal must be filed within ten days.  Since the sentencing
hearings were on March 30, 2007, the ten-day deadline was April 9, 2007.  Tanis's notice
of appeal was filed on April 11, 2007.  As the Second Circuit has explained:  "When the
government properly objects to the untimeliness of a defendant's criminal appeal, Rule
4(b) is mandatory and inflexible.  But Rule 4(b), even when properly invoked, does not
deprive us of subject-matter jurisdiction . . . .  [W]here, as here, the government forfeits
an objection to the untimeliness of a defendant's appeal by failing to raise it, we act
within our jurisdiction when we decide to consider the appeal as though it were timely
filed."  *United States v. Frias*, 521 F.3d 229, 234 (2d Cir. 2008) (citations omitted).

4

object at the sentencing hearing that the Court had failed to consider the § 3553(a) factors, so we review the sentences for plain error.

Tanis specifically claims that a sentence of less than 72 months would have been sufficient for deterrence purposes under § 3553(a)(2)(B); he says that "a 6 year sentence does not alter behavior significantly more than a lesser sentence, say 4 years." He argues that because of his non-violent history, his cooperation with the government, and his remorse, a lesser sentence would be sufficient to protect society under § 3553(a)(2)(C).[2] Finally, he asserts that the Sentencing Guidelines range improperly "drove the sentence." He says that the District Court gave too much weight to the Guidelines, resulting in a sentencing process that did not conform to the "spirit of Booker."

We will consider the sentences separately.

A.

Tanis's sentence of 60 months' imprisonment and three years' supervised release for the § 922(g) violation did not amount to plain error. The government requested a two-level downward departure because Tanis's cooperation led to the recovery of firearms. The Court granted the departure, resulting in a Level 22 offense with a Guidelines range

---

[2]Tanis's expression of remorse at his § 922(g) sentencing hearing was, to put it charitably, lukewarm. He told the District Court that the guns in question (170 automatic weapons and silencers) were family heirlooms that he needed to care for. According to his "understanding of the current law, . . . . [t]here was no procedure legally for me to register them." Tanis told the Court that "given the opportunity, I would comply with any laws that were there, if possible."

of 77 to 96 months. The 60-month sentence was seventeen months below the bottom of the Guidelines range.

The transcript of the sentencing hearing shows that the Court considered the factors outlined in § 3553(a)(2), including deterrence, punishment, promotion of respect for the law, protection of the public, and correctional treatment. The Court also listed and considered the factors outlined in § 3553(a)(1), including Tanis's age, his poor health, and his cooperation with the government. Addressing the nature of Tanis's offense, one of the § 3553(a)(1) factors, the Court stated that Tanis's weapons offenses were "very, very serious in the times in which we live" because "guns and silencers and automatic weapons are the fear of all our public."

We conclude that the Court properly considered the § 3553(a) factors. In addition, the Court did not violate the "spirit" of *Booker*. As it was required to, the Court began by calculating the Guidelines sentence. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). It then fashioned a sentence that properly accounted for the nature of the offense and the defendant. *Id.*

"A sentence that falls within the guidelines range is more likely to be reasonable than one outside the guidelines range." *United States v. Lloyd*, 469 F.3d 319, 327 (3d Cir. 2006). In this case, the sentence was below the Guidelines range. Since Tanis's arguments do not demonstrate that a 60-month sentence was unreasonable, it logically follows that there was no plain error.

B.

The District Court sentenced Tanis to imprisonment of twelve months and a day for misprision of a felony, to be served consecutively to the § 922(g) sentence. The sentence was imposed in accordance with the plea agreement, which states that "[p]ursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and the defendant stipulate and agree" that Tanis will be sentenced to 12 months plus one day. The parties also agreed that "[t]he sentence imposed for this offense shall run **consecutive[ly]** to the sentence imposed on the defendant's felon in possession of a firearm offense."

An agreement entered under Rule 11(c)(1)(C) "binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C); *Bernard*, 373 F.3d at 343. It was reasonable for the District Court to sentence Tanis in accordance with the binding plea agreement. In addition, the sentence was well below the Guidelines range of twenty-one to twenty-seven months. Even if Tanis had not agreed to the sentence, we would consider it reasonable. *See Lloyd*, 469 F.3d at 327.

IV.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.

7