

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2008

# USA v. Santiago-Bautista

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1749

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Santiago-Bautista" (2008). *2008 Decisions.* Paper 720.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/720

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1749

UNITED STATES OF AMERICA

v.

MARIO SANTIAGO-BAUTISTA,
a/k/a JESUS CARMONA
a/k/a MARIO SANTIAGO

Mario Santiago-Bautista,

Appellant

On Appeal from a Final Judgment of Conviction and Sentence
in the United States District Court for the District of New Jersey
(D.C. Criminal No. 07-cr-00915-1)
District Judge: Honorable Noel L. Hillman

Submitted Under Third Circuit L.A.R. 34.1(a)
July 24, 2008

Before: MCKEE, FUENTES and WEIS, Circuit Judges.

(Filed: August 4, 2008)

OPINION

McKee, *Circuit Judge*:

Mario Santiago-Bautista appeals the sentence of 19 months' imprisonment that was imposed after he pled guilty to illegal reentry following deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(1). He challenges the district court's conclusion that his prior New Jersey state conviction for unlawful possession of a weapon constituted an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C), thereby subjecting him to an eight-level increase in his base offense level. The government argues that any error was harmless because the district court articulated an alternative ground for the sentence that was imposed that makes Santiago-Bautista's challenge irrelevant. Because we agree that any error in the calculation of the applicable Guideline range was harmless, we will affirm.

Inasmuch as we write primarily for the benefit of the parties, we discuss only the background necessary to our brief opinion.[1] At sentencing, the district court imposed a custodial sentence of 19 months based on two independent grounds. The district court

---

[1] The district court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review factual findings relevant to the Sentencing Guidelines for clear error and we exercise plenary review over a district court's interpretation of the Guidelines. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). "In deciding whether the alleged error was harmless, 'a court of appeals must decide whether the district court would have imposed the same sentence had it not relied upon the invalid factor or factors.'" *United States v. Smalley*, 517 F.3d 208, 212 (3d Cir. 2008) (quoting *Williams v. United States*, 503 U.S. 193, 203 (1992)).

concluded that violation of N.J.S.A. 2C:39-5(d)[2] constituted a crime of violence under 18 U.S.C. § 16(b), resulting in an offense level 13, criminal history category 3, and yielding an advisory Guideline range of 18 to 24 months. However, the court went on to explain that even if that legal conclusion was incorrect (and the offense level should have been 10), the court would nevertheless have "var[ied] up 2 points, and using a range of 15 to 21 months, impose[d] a sentence of 19 months." App. 101. This variance would be based on "the nature and circumstances of this defendant, . . . [the] nature and circumstances of the offense, [his] violent act regarding Miss Chan,[3] prior membership in a gang, his lack of candor [towards] law enforcement, and his use of fraudulent documentation." *Id.* The court further explained that such a sentence would address some concerns about danger to the public, as well as "reflect the seriousness of the reentry," and "promote respect for the law." *Id.*

Thus the court clearly considered the sentencing factors set forth in 18 U.S.C. §

---

[2] That statute provides in pertinent part:

> Any person who knowingly has in his possession any other weapon under circumstances not manifestly appropriate for such lawful uses as it may have is guilty of a crime of the fourth degree.

N.J.S.A. 2C:39-5(d).

[3] This is a reference to the prior conviction for unlawful possession of a weapon. According to the arrest report, his girlfriend (Ms. Chan) told officers that "Santiago threatened her with a hammer by putting the claw edge against her face and then told her that he would 'stab her in the stomach repeatedly' if she left him or gets him 'locked up.'" PSR ¶ 30. Ms. Chan had some visible injuries.

3553(a) when imposing this sentence. Based upon our review of the record, we conclude that even assuming *arguendo* that the district court erred in its analysis of Defendant's prior conviction, that error was harmless as the court would have imposed the same sentence anyway for the reasons it explained. We are convinced that the district court engaged in a careful and extensive explanation of the reasoning underlying the sentence under either Guidelines framework. We find no error in the alternate sentence, nor do we find any merit in Santiago-Bautista's argument that a district court abuses its discretion when it articulates an alternate sentence.

For the foregoing reasons, we will affirm the judgement of the district court.