

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-17-2009

# USA v. Ty Huffnagle

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1721

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Ty Huffnagle" (2009). *2009 Decisions.* Paper 1862.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1862

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1721
_____

UNITED STATES OF AMERICA

v.

TY HUFFNAGLE,
                         Appellant.


_____

On Appeal from the District Court
for the Western District of Pennsylvania
(No. 3-06-cr-00021-001)
District Judge: Honorable Kim R. Gibson


_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 1, 2008

Before: FISHER, CHAGARES, and HARDIMAN, <u>Circuit Judges</u>.


_____

(Filed: February 17, 2009)
_____


OPINION OF THE COURT
_____



CHAGARES, <u>Circuit Judge</u>.

Defendant Ty Huffnagle appeals from the District Court's decision to impose a 24 month prison sentence for violation of his federal supervised release to run consecutive to his state parole violation sentence. We will affirm the District Court's sentence.

I.

As we write mainly for the parties, we only briefly recite the facts. On August 20, 1998, Huffnagle was sentenced to two concurrent terms of 64 months imprisonment with a consecutive 36 months of supervised release after pleading guilty to possession of an unregistered firearm and unlawful making of a weapon subject to the National Firearms Act. 26 U.S.C. § 5861(d), (f). A condition of Huffnagle's supervised release was that he not possess a firearm. Appendix (App.) 26. While under the supervision of the United States Probation Office, Huffnagle was arrested after a dispute with his girlfriend. Huffnagle's girlfriend gave the police consent to search their home, where the police discovered shotgun shells and a sawed off .12 gauge shotgun in the rafters in the basement.

On October 24, 2006, in state court, Huffnagle was sentenced to 11½ months to 23 months imprisonment after pleading guilty to the prohibited offensive weapons charge. At the subsequent federal parole revocation hearing, a Magistrate Judge found that, by a preponderance of the evidence, there was "ample proof" of the Grade A violation that a former convict should not possess a firearm, of the Grade B violation for a violation of state criminal law, and of the Grade C

2

violation for associating with a convicted felon and possessing a dangerous weapon. App. 14. The maximum time that Huffnagle could serve, however, was 24 months because his original firearms offense was a Class C felony. App. 14-15; 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4(a). The Magistrate Judge recommended to the District Court that Huffnagle should receive the maximum sentence of 24 months and that it should be served consecutive to any other state sentence. App. 15. The District Court agreed, revoking Huffnagle's supervised release and sentencing him to 24 months imprisonment, to run consecutive to his state parole violation sentence. Huffnagle now appeals.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review both the District Court's sentence and its imposition of a concurrent or consecutive sentence for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Swan, 275 F.3d 272, 275 (3d Cir. 2002).

In reviewing Huffnagle's sentence, first, we must determine that the District Court "committed no significant procedural error," such as "failing to consider the § 3553(a) factors. . . or failing to adequately explain the chosen sentence. . . ." Gall, 128 S. Ct. at 597; see United States v. Smalley, 517 F.3d 208, 214 (3d Cir. 2008). If the District Court's decision is procedurally sound, we then review the sentence for substantive reasonableness under an abuse of discretion standard,

3

"taking into account the totality of the circumstances." Gall, 128 S.Ct. at 197; see Smalley, 317 F.3d at 214.

In reviewing the sentence imposed by the District Court, while we "do not seek to second guess," we nevertheless must assure ourselves that the district court has given us an "explanation. . . sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)," United States v. Levinson, 543 F.3d 190, 196 (3d Cir. 2008), and that the District Court made an "individualized assessment based on the facts presented." Gall, 128 S. Ct. at 597; Levinson, 543 F.3d at 196. In addition, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 127 S. Ct. 2456, 2468 (2007).

## III.

Huffnagle presents two arguments on appeal. First, he argues that the District Court erred because it "fail[ed] to explain or recite why a 24 month sentence is more appropriate or necessary than a 12 or 18 month sentence" when the gun that was recovered was removed from the scene of his arrest. Appellant Br. at 10-12. Second, Huffnagle argues that the District Court failed to explain why a consecutive sentence was "reasonable or not greater than necessary" under the circumstances of the case where Huffnagle did not actually use the gun. Appellant Br. at 12-13.

4

We find that the District Court's decision was procedurally reasonable. The Court adequately addressed the § 3553(a) factors, and Huffnagle generally does not contest this conclusion. Huffnagle's main objection is that the District Court did not specifically make findings that a lesser sentence would have sufficed given that the gun was not at the scene of the crime. However, the District Court did explain, for instance, that "the statutory maximum sentence is reasonable in this case and is warranted in light of [Huffnagle's] continued failure to prevent involvement with firearms." App. 164. See also App. 162 (explaining that Huffnagle's "highest grade violation conduct was similar to his original federal violation conduct in 1998 and was a very serious offense, as is possession of a firearm not only illegal in that he is a felon, but firearms are instruments of violence."); App. 163 (explaining that Huffnagle knew he was under supervision from both the federal and state levels, and that he "was aware that he was a convicted felon, [and] that having such status prohibits his possession of a firearm. . ."); id. (stating that Huffnagle "has failed to stay away from firearms and his failure to comply with his term of supervised release warrants a new term of imprisonment with no term of supervision to follow.").[1] Thus, despite Huffnagle's arguments, we find that the sentence is procedurally reasonable. See United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (explaining that District

---

[1] Furthermore, while 18 U.S.C. § 3553(c) requires a sentencing court to "state in open court the reasons for its imposition of the particular sentence," it only requires the sentencing court to state the "reason for imposing a sentence at a particular point within the range" if the sentence is more than 24 months.

Judges are not "required. . . to routinely state that the sentence imposed is the minimum sentence necessary. . . .") (citation omitted).

The District Court's sentence in this case was also substantively reasonable. The Court considered the § 3553(a) factors and made a determination that a 24-month sentence was reasonable, because, among other considerations, the offense at issue involved the possession of a gun that Huffnagle knew he was not permitted to have. App. 162-164. The District Court clearly took into account the circumstances of the case when, for instance, it found that "the defendant's highest grade violation conduct [in the instant case] was similar to his original federal violation in 1998 and was a very serious offense . . . ." App. 162. Thus, we find that the sentence was substantively reasonable.

We further find that the District Court did not abuse its discretion when it found that a consecutive, rather than a concurrent, sentence was appropriate in this case. Huffnagle objects to the Court's imposition of a consecutive sentence because he did not actually use the firearm during the commission of the offense. However, under 18 U.S.C. § 3584(a) and (b), the Court has discretion to determine whether the sentences should run consecutively or concurrently, and should make its decision in light of the § 3553(a) factors. See United States v. Dees, 467 F.3d 847, 851-52 (3d Cir. 2006) ("18 U.S.C. § 3584(a) controls and permits a district court to impose consecutive terms of imprisonment upon revocation of supervised release. . . .").

6

Here, the District Court, as it was permitted to do, exercised its discretion to have the sentences run consecutively. Indeed, as the Government aptly points out, the District Court addressed this issue explicitly, explaining how the defendant knew he was accountable to both Pennsylvania and the federal system, and was subject to punishment under both. Government Br. at 22-23; App. 162-63. The District Court also determined its sentence in light of the factors in 18 U.S.C. § 3553(a). The Court, therefore, properly made its decision as required under 18 U.S.C. § 3584.

V.

Accordingly, we will affirm the District Court's judgment of sentence.