

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-4-2009

# USA v. Sedric Morris

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1365

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Sedric Morris" (2009). *2009 Decisions.* Paper 1782.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1782

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1365

_____

UNITED STATES OF AMERICA

v.

SEDRIC A. MORRIS,

Appellant

_____

Appeal from the
United States District Court for the
District of Western District of Pennsylvania
(D.C. Criminal No. 00-cr-00001J)
District Judge: Honorable Kim R. Gibson

_____

Submitted Under Third Circuit LAR 34.1(a)
January 8, 2009

_____

Before: CHAGARES, HARDIMAN <u>Circuit Judges</u>, and ELLIS, <u>Senior District Judge</u>.[*]

(Opinion Filed: March 4, 2009)

_____

OPINION

_____

_____

[*]The Honorable Thomas S. Ellis III, Senior Judge, United States District Court for
the Eastern District of Virginia, sitting by designation.

CHAGARES, <u>Circuit Judge</u>.

In this appeal, Sedric Morris challenges his sentence of 51 months imprisonment for violation of his supervised release as unreasonable. We will affirm the District Court's sentence.

## I.

The facts of the underlying offense are well-known to the parties and we will not repeat them here. The sentence of 51 months is within the range calculated under the U.S. Sentencing Guidelines and that calculation is not challenged. Morris also concedes that the District Court considered each of the factors set forth in 18 U.S.C. § 3553(a), and that the District Court imposed a sentence at the lowest end of the range calculated under the Guidelines. Nevertheless, Morris argues that his 51-month sentence was "greater than necessary to be considered reasonable with regard to the [Section] 3553(a) factors," because the Court ordered that Morris serve this sentence consecutive to, rather than concurrently with, the three- to six-year sentence imposed by a Pennsylvania state court for possession with intent to distribute a controlled substance. Appellant Br. at 10.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review both the District Court's sentence and its imposition of a concurrent or consecutive sentence for abuse of discretion. <u>Gall v.</u>

United States, 128 S. Ct. 586, 597 (2007); United States v. Swan, 275 F.3d 272, 275 (3d Cir. 2002).

In reviewing Morris's sentence, we must first determine that the District Court "committed no significant procedural error," such as "failing to consider the § 3553(a) factors. . . or failing to adequately explain the chosen sentence. . . ." Gall, 128 S. Ct. at 597; see United States v. Smalley, 517 F.3d 208, 214 (3d Cir. 2008). If the District Court's decision is procedurally sound, we then review the sentence for substantive reasonableness under an abuse of discretion standard, "taking into account the totality of the circumstances." Gall, 128 S. Ct. at 197; see Smalley, 317 F.3d at 214.

In reviewing the sentence imposed by the District Court, we "do not seek to second guess," but we nevertheless must assure ourselves that the district court has given us an "explanation. . . sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)," United States v. Levinson, 543 F.3d 190, 196 (3d Cir. 2008), and that the District Court made an "individualized assessment based on the facts presented," Gall, 128 S. Ct. at 597. In addition, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 127 S. Ct. 2456, 2468 (2007).

III.

We hold that the District Court's decision was both procedurally and substantively reasonable. The Court adequately addressed the § 3553(a) factors, and Morris generally does not contest this conclusion. Morris further concedes that the District Court considered the advisory Guideline range of 51-63 months and ultimately imposed a sentence at the bottom of that range.

Morris's main objection is that the District Court abused its discretion when it sentenced Morris for the violation of his supervised release term to a consecutive, rather than concurrent, term of imprisonment with his state court sentence. Under 18 U.S.C. § 3584(a) and (b), the Court has discretion to determine whether the sentences should run consecutive to, or concurrently with, any other term of imprisonment imposed, and should make its decision in light of the § 3553(a) factors. See United States v. Dees, 467 F.3d 847, 851-52 (3d Cir. 2006); United States v. Valasquez, 304 F.3d 237, 243 (3d Cir. 2002).

The District Court exercised its discretion, in light of the factors listed in § 3553(a), to have the sentences run consecutively. Indeed, the Court was acutely aware of Morris's prior record. The District Court had previously reduced Morris's sentence on his initial drug conspiracy violation in 2000 to a term well below the advisory guideline range. Appendix (App.) 55-56. Nevertheless, within one year of his release, and contrary to the terms of his supervised release, Morris committed another drug offense. The District Court noted concern with Morris's history of recidivism, and with the dangers

4

posed to society thereby. App. 60. The District Court thus reasonably concluded that a sentence at the lowest end of the advisory guidelines range, but served consecutively to the sentence imposed by the state court for his underlying drug offense, was appropriate. We conclude that the District Court did not abuse its discretion in imposing its sentence.

## IV.

Accordingly, we will affirm the District Court's judgment of sentence.