

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-2-2009

# USA v. Miguel Torres-Carras

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1385

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Miguel Torres-Carras" (2009). *2009 Decisions*. Paper 1594.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1594

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1385
_____

USA

v.

MIGUEL TORRES-CARRASCO,

Appellant

On Appeal From the United States District Court
for the District of Delaware
(No. 1-07-cr-00090-001)
District Judge: Honorable Joseph J. Farnan, Jr.

Submitted Under Third Circuit LAR 34.1(a)
March 13, 2009

Before: FUENTES, CHAGARES, and TASHIMA[*], <u>Circuit Judges</u>

(Filed: April 2, 2009)

OPINION OF THE COURT

_____

[*]The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

CHAGARES, Circuit Judge.

Defendant Miguel Torres-Carrasco pled guilty to illegally entering the United States in violation of 8 U.S.C. § 1326(a) and (b)(2).  He appeals his sentence, arguing that the District Court did not "meaningfully consider" his motion for a downward variance. We will affirm the sentence imposed by the District Court.

I.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction to review this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.  We review the District Court's sentence for an abuse of discretion.  Gall v. United States, 128 S. Ct. 586, 597 (2007).  In reviewing Torres-Carrasco's sentence, first, we must determine that the District Court "committed no significant procedural error," such as "failing to consider the [18 U.S.C.] § 3553(a) factors . . . or failing to adequately explain the chosen sentence . . . ."  Gall, 128 S. Ct. at 597; see United States v. Smalley, 517 F.3d 208, 214 (3d Cir. 2008).  A significant procedural error also includes a district court's failure to adequately consider a colorable sentencing argument raised by the parties.  See United States v. Sevilla, 541 F.3d 226, 232 (3d Cir. 2008).  If the District Court's decision is procedurally sound, we then review the sentence for substantive reasonableness under an abuse of discretion standard, "taking into account the totality of the circumstances."  Gall, 128 S. Ct. at 597; see Smalley, 317 F.3d at 214.

In reviewing the sentence imposed by the District Court, while we "do not seek to

2

second guess," we nevertheless must assure ourselves that the district court has given us an "explanation . . . sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)," United States v. Levinson, 543 F.3d 190, 196 (3d Cir. 2008), and that the District Court made an "individualized assessment based on the facts presented." Gall, 128 S. Ct. at 597; Levinson, 543 F.3d at 196. In addition, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 127 S. Ct. 2456, 2468 (2007).

## II.

Torres-Carrasco does not challenge his sentence as being substantively unreasonable. Rather, he contends that the District Court committed procedural error because it failed to give "meaningful consideration" to his motion for a downward variance. We disagree.

At his sentencing, Torres-Carrasco "sought a downward variance on the ground that he had re-entered the United States for the purpose of earning money to pay for his mother's medical expenses." Appellant Br. at 12. Both Torres-Carrasco's counsel, as well as Torres-Carrasco himself, addressed the Court on this issue. For example, Torres-Carrasco stated: "My mom got sick with diabetes and everything else. I felt I needed to come here and work and to send money back. All I ask is forgiveness for what I've

3

done." Appendix (App.) 39.

The District Court, in considering Torres-Carrasco's argument, noted: "You came back into the United States, although, I do understand you were here to assist your family, you were here illegally." App. 42. It also explained: "In considering your family situation, I'm not going to impose the maximum that I think might be available." The court subsequently imposed a 60 month sentence upon Torres-Carrasco, observing that this sentence would "give you consideration for your family circumstances." Id.

In sum, the court considered Torres-Carrasco's argument, then directly responded to his argument, specifically taking it into account when imposing the sentence. Indeed, the court was persuaded by the argument and imposed a lower sentence as a result of the argument. We find that this is sufficient to show that the District Court gave Torres-Carrasco's argument "meaningful consideration" and that the sentence is procedurally reasonable.

### III.

We therefore will affirm the sentence of the District Court.