OPINION OF THE COURT
CHAGARES, Circuit Judge.
Counsel for Jamal Spoonhour petitions this Court for permission to withdraw from representation under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). For the reasons that follow, we will grant the motion and affirm Spoonhour’s sentence.[1]
I.
Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.
On April 11, 2007, Spoonhour was charged with two counts of Possession with Intent to Distribute Crack Cocaine in violation of 21 U.S.C. § 841(a)(1), one count of Felon in Possession of Firearms in violation of 18 U.S.C. § 922(g), one count of Possession of a Firearm in Furtherance of Drug Trafficking in violation of 18 U.S.C. § 924(c)(1)(A), and one count of Conspiracy to Distribute Crack Cocaine in *149 violation of 21 U.S.C. § 846. On December 18, 2008, Spoonhour pleaded guilty to one count of Possession with Intent to Distribute Crack Cocaine pursuant to a written plea agreement whereby all other charges were to be dismissed on Motion of the Government following sentencing.
The Presentence Investigation Report calculated Spoonhour’s Base Offense Level at 29 and his Criminal History Category at VI, which resulted in an advisory Guidelines range of 151 to 188 months of imprisonment. A sentencing hearing was held on March 27, 2008. At sentencing, Spoonhour’s counsel argued for a sentence at the low end of the Guidelines range, based on Spoonhour’s history and characteristics. Instead, the District Court sentenced Spoonhour to 180 months of imprisonment — a sentence at the higher end of the Guidelines range.
The District Court recognized its “duty to weigh the [18 U.S.C.] § 3553(a) factors” and acknowledged that it is “very important for the Court to consider how a person comes before the court, the family background, the age, the family circumstances.” Appendix (“App”) 40. The Court also noted explicitly that it has considered these factors in imposing Spoonh-our’s sentence. Id. Even after “weighing [Spoonhour’s] background and giving him some benefit for the disadvantages that he’s suffered and being incredibly optimistic about the hopes that he could be rehabilitated,” however, the District Court determined that “a sentence at the high end of the guideline range is appropriate based on the circumstances of this offense, the weapons involved,” and Spoonhour’s substantial criminal history. App. 41-42.
Spoonhour filed a timely notice of appeal on April 4, 2008.
II.
Spoonhour’s counsel petitions this Court to withdraw as attorney of record, arguing that there are no non-frivolous issues that can be advanced on appeal. A copy of defense counsel’s brief was furnished to Spoonhour, and he was given thirty days to file a brief on his own behalf. Spoonh-our failed to do so.
Evaluation of an Anders brief requires a twofold inquiry: (1) whether counsel has thoroughly examined the record for ap-pealable issues and has explained why any such issues are frivolous, and (2) whether an independent review of the record presents any non-frivolous issues. United States v. Youla, 241 F.3d 296, 300 (3d Cir.2001). Where the Anders brief appears adequate on its face, and the appellant has not submitted a pro se brief, our review is limited to the portions of the record identified in the Anders brief. See id. at 301. We conclude that the brief in this case is adequate, and thus, it will guide our independent review of the record.
Spoonhour’s counsel combed through the record and identified a single issue that can possibly be raised before us — • whether the District Court abused its discretion and imposed an unreasonable sentence when it sentenced Spoonhour at the high end of the advisory Guidelines range. Spoonhour’s counsel concluded that this argument is patently without merit. Likewise, our independent review of “those portions of the record identified by [the] Anders brief’ reveals no non-frivolous issues Spoonhour might profitably raise on appeal. See id. The record demonstrates that the District Court correctly calculated the advisory Guidelines range and gave meaningful consideration to the § 3553(a) factors. Thus, Spoonhour’s sentence is reasonable and we must affirm. See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); United *150 States v. Smalley, 517 F.3d 208, 214 (3d Cir.2008).
III.
For the foregoing reasons, we will grant counsel’s motion and affirm Spoonhour’s sentence.

. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291.