**UNITED STATES of America**

v.

**Gregory VINCENT, a/k/a G–Money, a/k/a Vincent Gregory**

**Gregory Vincent, Appellant.**

**No. 08–4568.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 1, 2009.

Filed: July 13, 2009.

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for Appellee.

Scott A. Krasny, Esq., Furlong & Krasny, West Trenton, NJ, for Appellant.

BEFORE: FISHER and CHAGARES, Circuit Judges and DIAMOND *, District Judge.

## OPINION OF THE COURT

CHAGARES, Circuit Judge.

Appellant, Gregory Vincent ("Vincent"), pled guilty to knowingly possessing a firearm while a convicted felon, and now appeals his sentence. We will affirm the sentence imposed by the District Court.

## I.

Because we solely write for the parties, we will only briefly summarize the essential facts. On June 15, 2007, a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") received information from a confidential informant that Vincent was offering a AK–47–style rifle for sale for $1800. The informant then purchased the firearm from Vincent on June 18, 2007. On October 16, 2007, ATF agents arrived at Vincent's home to execute the warrant arising out of the June 18 transaction, and, while engaging in a protective sweep of his home, they discovered a loaded revolver underneath Vincent's mattress.

Vincent was charged with, and pled guilty to, knowingly possessing that firearm, a Sturm, Ruger & Company, .357 Magnum caliber revolver, while a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was not charged with any offense arising out of the June 18, 2007 transaction. After holding a sentencing hearing, the District Court sen-

---

tenced Vincent to 77 months imprisonment followed by three years of supervised release. Vincent now appeals his sentence.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 18 U.S.C. §§ 1291 and 3742(a). In reviewing Vincent's sentence, first, we must determine that the District Court "committed no significant procedural error," such as "failing to consider the [18 U.S.C.] § 3553(a) factors ... or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); *see United States v. Smalley*, 517 F.3d 208, 214 (3d Cir.2008). If the District Court's decision is procedurally sound, we then review the sentence for substantive reasonableness under an abuse of discretion standard, "tak[ing] into account the totality of the circumstances." *Gall*, 128 S.Ct. at 597; *see Smalley*, 517 F.3d at 214.

In reviewing the sentence imposed by the District Court, while we "do not seek to second guess," we nevertheless must assure ourselves that it has given us an "explanation ... sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)," *United States v. Levinson*, 543 F.3d 190, 196 (3d Cir.2008), and that the District Court made an "individualized assessment based on the facts presented." *Gall*, 128 S.Ct. at 597; *Levinson*, 543 F.3d at 196. In addition, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).

## III.

■ Vincent makes three arguments on appeal. First, Vincent argues that the District Court erred when it denied his downward departure motion based on the alleged overstatement of his criminal history. He contends that his criminal history was overstated because many of the criminal history points came from crimes that occurred when Vincent was a young man, and that the crimes were mostly minor offenses. This Court does not have jurisdiction to review a district court's discretionary decision not to grant a downward departure. *United States v. Vargas*, 477 F.3d 94, 103 (3d Cir.2007). This Court has jurisdiction to review such a denial, however, if the district court mistakenly thought that it lacked the discretion to do so. *Vargas*, 477 F.3d at 103. As there is no indication that the District Court believed it lacked the discretion to grant Vincent's motion here, this Court has no jurisdiction to review his claim.

■ Second, Vincent argues that the District Court erred when it did not grant to him a downward departure or variance with regard to his physical limitations. Vincent is paralyzed from the waist down and has certain accompanying medical issues, such as his use of a catheter, which he argues will make prison difficult for him. This Court has no jurisdiction to review the District Court's denial of Vincent's downward departure motion on this ground, as there is no indication that the District Court believed it lacked the discretion to grant Vincent's motion. *Vargas*, 477 F.3d at 103. With regard to Vincent's argument that a variance was warranted, we find that the District Court did not abuse its discretion in denying Vincent's variance request, as the Court took into account Vincent's physical limitations when crafting the sentence. *See, e.g.*, Appendix ("App.") 67 ("I think that [Vincent's physi-

cal condition] does come into play when I come down on where a reasonable sentence ought to fall, taking into account the statutory factors."); App. 70–71 (explaining that it will take into account Vincent's physical limitations and medical issues in sentencing him); App. 71–72 (explaining that his physical limitations are why the Court gave a sentence at the bottom of the Guidelines).

■ Finally, Vincent contends that the District Court erred when it took into account the uncharged conduct from June 2007 in sentencing him. In analyzing that conduct, and deciding to take it into account in sentencing, the District Court noted that the allegations against Vincent were very specific, and that there was a "substantial" investigation. App. 64–65. The Court noted that the prior conduct was relevant because that is why the ATF agents were at Vincent's home in October 2007. App. 65. Nevertheless, the Court stated, "I think it effects [sic] more the argument that the criminal history is overstated than it does where I come down on the actual sentence," and explained that Vincent's trafficking in guns so soon after getting released from jail suggested that his criminal history was not overstated. App. 65–66. However, at a later point in the sentencing, the District Court stated that the prior conduct was "very significant, even more significant than the crime of conviction." App. 71–72.

We find that it was not an abuse of discretion for the District Court to take into account Vincent's prior conduct in imposing the sentence. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). *Cf. United States v. Berry,* 553 F.3d 273, 284 (3d Cir.2009) ("[A] bare arrest record—without more—does not justify an assumption that the defendant committed other crimes and it therefore cannot support increasing his/her sentence in the absence of adequate proof of criminal activity."); *United States v. Rudolph,* 137 F.3d 173, 177 (3d Cir.1998) (uncharged conduct may form the basis for upward or downward sentencing adjustments). Here, there was much more than a bare arrest record—there was a specific recounting of the investigation—and taking this conduct into account in sentencing Vincent was not an abuse of discretion.

Furthermore, while the District Court's statement that the prior conduct was "very significant, even more significant than the crime of conviction," App. 71–72, was unfortunate, we nevertheless find that this comment does not rise to the level of an abuse of discretion, as the overall context of the sentencing shows that the District Court sentenced Vincent based on a myriad of factors, not predominantly the uncharged conduct. *See United States v. Fisher,* 502 F.3d 293, 312 (3d Cir.2007) (Rendell, J., concurring) ("[T]he defendant's right to due process is implicated when it appears that a defendant is being sentenced primarily for a crime other than the crime of conviction, such as when the defendant's sentence is based predominantly on criminal conduct collateral to the crime of conviction.").

IV.

For the foregoing reasons, we will affirm the judgment of sentence.