

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-29-2008

# USA v. Smalley

Precedential or Non-Precedential: Precedential

Docket No. 06-4552

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Smalley" (2008). *2008 Decisions.* Paper 1484.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1484

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4552
_____

UNITED STATES OF AMERICA

v.

RODNEY SMALLEY,

*Appellant*

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 06-cr-00527)
District Court Judge: Honorable Robert B. Kugler

_____

Argued on December 13, 2007

Before: RENDELL, GREENBERG, and VAN
ANTWERPEN, *Circuit Judges*.

(Filed February 29, 2008)

Richard Coughlin, Esq.
Lori M. Koch, Esq. (Argued)
Office of Federal Public Defender
800-840 Cooper Street
Suite 350
Camden, New Jersey 08102

*Counsel for Appellant*

George S. Leone, Esq.
Office of United States Attorney
970 Broad Street
Room 700
Newark, New Jersey 07102

Glenn J. Moramarco, Esq. (Argued)
Office of United States Attorney
Camden Federal Building & Courthouse
401 Market Street
P.O. Box 2098, Fourth Floor
Camden, New Jersey 08101

*Counsel for Appellee*

_____

OPINION OF THE COURT
_____

VAN ANTWERPEN, *Circuit Judge*.

1

Appellant Rodney Smalley appeals his sentence of 71 months entered by the District Court for the District of New Jersey for bank robbery. In arriving at this sentence, the District Court applied a four-level Guidelines sentencing enhancement, finding that Smalley "otherwise used" a dangerous weapon during the course of the robbery. However, the Government concedes, and we agree, that the District Court should have applied only a three-level enhancement for "brandish[ing] or possess[ing]" a dangerous weapon. In its "Amended Judgment," which was filed fourteen days after the pronouncement of the original sentence, the District Court attempted to provide an alternative sentence of 71 months under the three-level "brandished or possessed" enhancement. Because the District Court's filing of this "Amended Judgment" does not render the enhancement calculation error harmless, we will vacate the sentence and remand to the District Court for resentencing in accordance with this opinion.

## I. FACTS

On March 21, 2006, appellant/defendant Rodney Smalley entered the Cape Savings Bank in Middle Township, New Jersey, and approached the counter. Smalley told the bank teller, "I want the money, I got a knife." Smalley simultaneously gave the teller a note which read, "Give me all the money now or I will stab you." As a result, the teller handed Smalley $745. Smalley fled the bank after receiving the money, and subsequently was hit by a car. Smalley was arrested in the bank parking lot and the FBI recovered all of the money.

A single count information was filed against Smalley on July 14, 2006, charging him with bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a). Smalley waived his right to indictment by a grand jury and pled guilty to the information that same day.

The District Court held a sentencing hearing on October 18, 2006. At the sentencing hearing, the only Guidelines sentencing issue for the Court to resolve was whether Smalley should receive a three-level enhancement for "brandish[ing] or possess[ing]" a dangerous weapon during the robbery,[1] or a four-level enhancement for "otherwise us[ing]" a dangerous weapon during the robbery.[2] Both parties concede that Smalley possessed a knife and threatened to stab the bank teller with the knife. Both parties also concede, however, that the knife remained in Smalley's pocket during the entire robbery and was never visible to the teller.

Smalley and the Government both argued at sentencing that Smalley only "brandished or possessed" the knife, and therefore should only receive a three-level enhancement under § 2B3.1(b)(2)(E). The Probation Officer, however, in his Presentence Investigation Report ("PSR"), applied a four-level enhancement under § 2B3.1(b)(2)(D), concluding that Smalley "otherwise used" the knife when he provided the

---

[1] Pursuant to U.S.S.G. § 2B3.1(b)(2)(E).

[2] Pursuant to U.S.S.G. § 2B3.1(b)(2)(D).

3

bank teller with a note threatening to stab her if she did not give him the money. (PSR ¶17.) The District Court accepted the recommendation from the Probation Officer and applied the four-level enhancement for "otherwise using" a dangerous weapon.

Given the application of the four-level enhancement, Smalley had a total offense level of 23, a Criminal History category of III, and a corresponding Guidelines range of 57 to 71 months.[3] (PSR ¶97.) After consideration of all of the sentencing factors under 18 U.S.C. § 3553(a), the District Court exercised its discretion and sentenced Smalley to a 71-month term of imprisonment, which was at the upper end of the Guidelines range. This sentence was based upon threats Smalley made during the bank robbery, his extensive criminal history, and his likelihood of recidivism.

The District Court entered its final judgment of sentence on October 19, 2006. On October 23, 2006, Smalley filed a timely notice of appeal. On that same date, the Government hand-delivered a letter to the District Court requesting that the Court file an amended judgment in which the Court would explain (in the "Statement of Reasons" section) that it would have imposed the same sentence even if the Court applied only the three-level enhancement for "brandishing." In addition, the Government also requested

---

[3] If the District Court had applied only a three-level enhancement for "brandish[ing] or possess[ing]," Smalley's advisory Guidelines range would have been 51 to 63 months.

4

that the amended judgment be filed by October 25, 2006, in order to comply with the time restriction contained in Federal Rule of Criminal Procedure 35(a).[4]  (App. 82-83.)

On November 2, 2006, fourteen days after sentencing and outside the time limit set by Rule 35(a), the District Court filed an Amended Judgment and attempted to state an alternative sentence in the event that only a three-level enhancement was appropriate.  This appeal followed.

## II.  JURISDICTION

The District Court of New Jersey had subject matter jurisdiction under 18 U.S.C. § 3231.  This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  Smalley's appeal was timely filed under Federal Rule of Appellate Procedure 4(b)(1) because it was filed within 10 days of the District Court's original judgment.

## III.  DISCUSSION

A.  The Calculation Error

As the Supreme Court has stated, "the Guidelines should be the starting point and the initial benchmark" in determining the appropriate sentence.  *Gall v. United States*,

---

[4] "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).

5

128 S. Ct. 586, 596 (2007); *see also United States v. Goff*, 501 F.3d 250, 257 (3d Cir. 2007) ("Because the Guidelines reflect the collected wisdom of various institutions, they deserve careful consideration in each case.... [T]hey cannot be ignored."). Prior to, but consistent with *Gall*, this Court set forth a three-part process for determining a sentence. Under *United States v. Gunter*, district courts must begin with a correct Guidelines calculation and reason from that starting point to the appropriate sentence based on the facts of the individual case and the exercise of the District Court's discretion pursuant to 18 U.S.C. § 3553. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006); *see also United States v. Jackson*, 467 F.3d 834, 838 n.4 (3d Cir. 2006) ("[W]e require that the entirety of the Guidelines calculation be done correctly."). Therefore, in accordance with the dictates of the Supreme Court and this Court, a district court errs when it fails to calculate the Guidelines range correctly or begins from an improper Guidelines range in determining the appropriate sentence. See *United States v. Langford,* --- F.3d --- (3d Cir. 2008) for a more extensive discussion of the requirement that District Courts start the sentencing process by properly calculating the applicable Guidelines range.

In arriving at a within-the-Guidelines sentence of 71 months, the District Court applied the four-level enhancement for "otherwise us[ing]" a dangerous weapon during the course of a bank robbery pursuant to U.S.S.G. § 2B3.1(b)(2)(D). On appeal, however, the Government concedes that the proper enhancement to be applied in this situation was the three-level enhancement for "brandish[ing] or possess[ing]" a dangerous weapon pursuant to U.S.S.G. § 2B3.1(b)(2)(E). Because this

6

Court agrees with the Government, we accept the Government's concession and conclude that the District Court erred in its calculation and application of the Guidelines range. Given the error in calculating the appropriate Guidelines range, we must remand to the District Court for resentencing pursuant to the correctly calculated Guidelines range unless we determine the calculation error to be harmless.

B. Harmless Error Analysis

Error in the application of the Guidelines does not automatically require remand for resentencing. "[O]nce the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." *United States v. Thayer*, 201 F.3d 214, 229 (3d Cir. 1999) (*citing Williams v. United States*, 503 U.S. 193, 203 (1992)). In deciding whether the alleged error was harmless, "a court of appeals must decide whether the district court would have imposed the same sentence had it not relied upon the invalid factor or factors." *Williams*, 503 U.S. at 203. The proponent of the sentence has the burden of persuading "the court of appeals that the district court would have imposed the same sentence absent the erroneous factor." *Id*.

Here, the District Court attempted to amend its judgment after the sentencing hearing to indicate that it would have given the same sentence (71 months) to Smalley if it had

7

applied the three-level "brandished or possessed" enhancement instead of the four-level "otherwise used" enhancement.[5]  Initially, we must determine whether we may consider the "Amended Judgment" in determining whether the calculation error was harmless.  Because the "Amended Judgment" is not proper under either the Federal Rules of Criminal Procedure or this Court's Local Rules, we will not consider the alternative sentence set forth in the "Amended Judgment."

The Government suggests that the "Amended Judgment" is proper based on Federal Rules of Criminal Procedure 35 and 36.  Federal Rule 35 contains a seven-day filing deadline.  *See* Fed. R. Crim. P. 35.  The District Court clearly did not comply with this deadline, as it filed its "Amended Judgment" fourteen days after the pronouncement of its original sentence.  Thus, the "Amended Judgment" is not proper under Rule 35.  Federal Rule 36 permits the correction of a "clerical error" in a judgment.  *See* Fed. R. Crim. P. 36.  An alternative sentence, especially that filed in

---

[5]This Court notes that nothing in this opinion should be construed as discouraging the practice of District Court judges providing alternative sentences.  We believe this practice, when performed at the time of sentencing, in compliance with the appropriate procedure, and supported by appropriate justification, is acceptable.  *See United States v. Hill*, 411 F.3d 425, 426 (3d Cir. 2005); *United States v. Dickerson*, 381 F.3d 251, 260 n.9 (3d Cir. 2004); *United States v. Nathan*, 188 F.3d 190, 201 (3d Cir. 1999).

this case, cannot reasonably be construed to constitute a "clerical error." *United States v. Bennett*, 423 F.3d 271, 277-78 (3d Cir. 2005) ("A clerical error involves a failure to accurately record a statement or action by the court or one of the parties.") (internal quotation omitted). Therefore, the "Amended Judgment" is not proper under Rule 36. *See id*. at 278 ("Rule 36 does not authorize the sentencing court to correct a sentence imposed in violation of law, as a result of an incorrect application of the sentencing Guidelines, or to otherwise substantively modify sentences.") (internal quotation omitted).

The Government also suggests that the District Court's "Amended Judgment" is proper under Third Circuit Local Appellate Rule 3.1. This Local Rule allows the District Court to file a "written amplification of a prior written or oral recorded ruling or opinion" within fifteen days of the filing of the notice to appeal. *See* L.A.R. 3.1. Although this "Amended Judgment" was timely filed under L.A.R. 3.1, it does not constitute an amplification of the District Court's prior ruling as contemplated by L.A.R. 3.1. *See*, *e.g.*, *In re United States*, 273 F.3d 380, 382 n.2 (3d Cir. 2001) (interpreting L.A.R. 3.1 to permit the "district judge to file an opinion or memorandum to *explain* an order or decision") (emphasis added). The "Amended Judgment" did not in any way seek to explain or clarify the District Court's reasons for imposing the original 71 month sentence under the improperly-calculated Guidelines range. *Cf. United States v. Bennett*, 161 F.3d 171, 186 (3d Cir. 1998) (permitting the consideration of a supplementary memorandum where the memorandum simply contained a "more comprehensive

9

explanation of the District Court's factual findings and conclusions of law"). We permit this type of amplification to inform the appellate review of the reasons for the sentence. Counsel are not given an opportunity to challenge it as it should consist of explanation, not a new ruling. Here, the amendment added a new concept without counsel having an opportunity to address it. That goes beyond the intent of the rule. Thus, the "Amended Judgment is not proper under Local Rule 3.1, despite its timeliness.

Because the "Amended Judgment" does not comply with any of the applicable Federal or Local rules, we will not consider it in determining whether the improper use of the "otherwise used" enhancement was harmless error. Absent the statements in the "Amended Judgment," then, there is nothing in the record to indicate that the District Court would have imposed the same sentence under the correctly calculated Guidelines range. Thus, the calculation error is not harmless because the Government has failed to carry its burden of showing that the District Court would have sentenced Smalley to 71 months using the correct Guidelines range. *See Williams*, 503 U.S. at 203 (discussing the burden of showing the alleged error was harmless).

Moreover, even if we were to consider the Amended Judgment as the government requests, in order for the calculation error to be harmless, the alternative sentence in the Amended Judgment would still have to comply with the sentencing procedures set forth by the Supreme Court and this

10

Circuit.[6]  *See Gall v. United States*, 128 S. Ct. 586, 594 (2007); *United States v. Cooper*, 437 F.3d 324, 326 (3d Cir. 2006).  It fails to do so.

The Supreme Court, in *Gall*, broke the sentencing review process into two parts.[7]  First, the reviewing court must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the §3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range." *Gall*, 128 S. Ct. at 597.  Second, the reviewing court must

---

[6] We note that in order for an alternative sentence to render an initial Guidelines calculation error harmless, the alternative sentence generally must comply with the procedural framework set forth in *Gunter*.  Therefore, if a district court wishes to provide for the possibility that a different Guidelines calculation applies by handing down an alternative sentence, it must still begin by determining the correct alternative Guidelines range and properly justify the chosen sentence.

[7] *Gall*'s breakdown of the sentencing review process into procedural and substantive components appears to be consistent with our approach to the review process. *See United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007) ("We review a sentence for reasonableness, evaluating both its procedural and substantive underpinnings.").

then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* In this case, because we find errors in the "procedural" component of the review process, we express no opinion on the substantive reasonableness of a 71-month sentence for this particular crime.

The District Court, in the Amended Judgment, stated that it would have given Smalley the same sentence - 71 months - even if it had employed the "brandished or possessed" enhancement.[8] Applying the three-level "brandished or possessed" enhancement in the instant case leads to a properly calculated Guidelines range of 51 to 63 months. Thus, the 71-month sentence would constitute an upward departure or a variance which, under *Gall*, must be

---

[8] The District Court stated in the Amended Judgment: "The Court notes that it ruled in favor of the enhancement at U.S.S.G. §2B3.1(b)(2)(E), warranting only a three-level reduction instead of a four-level reduction at U.S.S.G. §2B3.1(b)(2)(D), the Court would have imposed the same sentence, 71 months." (App. 7.) This statement in the Amended Judgment is somewhat confusing for the following reasons. This case concerns a three- or four-level enhancement, but the Amended Judgment form refers to a three- or four-level sentence "reduction." Additionally, the District Court initially imposed a four-level enhancement; but, the Court indicates in the Amended Judgment form that it "ruled in favor of the enhancement at U.S.S.G. §2B3.1(b)(2)(E)," which would be a three-level enhancement.

12

explained.

As discussed in Part III.A, *supra*, *Gall*, *Gunter*, and our recent decision in *Langford* require starting with the correctly-calculated Guidelines range. In this case, the brief "Amended Judgment" did not explicitly set forth an alternative Guidelines range. In addition, nothing in the record suggests that the District Court properly determined the alternative Guidelines range. The District Court's bald statement that it would have given Smalley a 71-month sentence even had it applied the three-level enhancement is not sufficiently detailed to comply with the first step of *Gunter*. *See Gunter*, 462 F.3d at 247; *see also Gall*, 128 S. Ct. at 597 ("[D]istrict courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process."). This procedural error in failing to set forth an alternative range as part of the alternative sentence would preclude this Court from concluding that the erroneous application of the "otherwise used" enhancement was harmless if we were to consider the "Amended Judgment."

In addition, the District Court also committed procedural error in sentencing by failing to properly justify its brief alternative sentence. *Gall* stated that it is procedural error to "fail[] to adequately explain the chosen sentence." *Gall*, 128 S. Ct. at 597. The procedural requirement of adequate explanation of sentences includes requiring district courts to provide "an explanation for any deviation from the

13

Guidelines range."[9]  *Id.*; *Gunter*, 462 F.3d at 247 (requiring district courts to "stat[e] on the record whether they are granting a departure and how that departure affects the Guidelines calculation") (citation omitted); *Cooper*, 437 F.3d at 329 (stating that "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors.").

---

[9] In *Gall*, the Supreme Court explicitly rejected formal proportionality schemes.  *See Gall*, 128 S. Ct. at 594-95.  In particular, the Court held that rules requiring "extraordinary circumstances" or application of a rigid mathematical formula to justify a non-Guidelines sentence were "inconsistent with the rule that the abuse-of-discretion standard of review applies to appellate review of all sentencing decisions–whether inside or outside the Guidelines range."  *Id.* at 596.  To the extent that we adopted such a formal rule of proportionality in *United States v. Manzella*, *Gall* requires that we no longer follow that rule.  *See United States v. Manzella*, 475 F.3d 152, 161 (3d Cir. 2007) ("Moreover, the more that a sentence varies from the advisory Guidelines range, the more compelling the supporting reasons must be.").

The Supreme Court did state, however, that "appellate courts may therefore take the degree of the variance into account and consider the extent of a deviation from the Guidelines." *Gall*, 128 S. Ct. at 594-95.  Because of the appellate court's duty to review the sentence for reasonableness, *Gall* made it clear that "failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines" was procedural error.  *Id.* at 597.

14

Here, the District Court committed procedural error because the alternative sentence is a bare statement devoid of any justification for deviating eight months above the upper-end of the properly calculated Guidelines range.[10] Such a bare statement is at best an afterthought, rather than an amplification of the Court's sentencing rationale. Without any justification for sentencing Smalley to 71 months pursuant to the three-level "brandished or possessed" enhancement, this Court could not have engaged in any meaningful review of the reasonableness of the sentence. *See Gall*, 128 S. Ct. at 597 (noting that the district court "must adequately explain the chosen sentence to allow for meaningful appellate review"). This procedural error, like the failure to begin with a properly-calculated Guidelines range, likewise would preclude this Court from concluding that the erroneous use of the "otherwise used" enhancement was harmless error.

In light of the District Court's failure to comply with the applicable Federal and Local procedural rules, and, alternatively, in light of the failure of the District Court to comply with the sentencing procedures set forth in *Gall* and *Gunter* in articulating its alternative sentence, we cannot

---

[10] In fact, in sentencing Smalley to a within-the-Guidelines sentence of 71 months, initially pursuant to the "otherwise used" enhancement, the District Court stated "[h]aving reviewed all those factors under the Statute, having reviewed the Guidelines, I do think a Guideline sentence is called for in this case." (App. 73-74.) This language indicates that the District Court agreed with the Guidelines range when using the four-level "otherwise used" enhancement, and there is insufficient reasoning provided to justify an alternative non-Guidelines sentence under the three-level "brandished or possessed" enhancement.

15

conclude that the initial Guidelines calculation error committed by the learned District Judge was harmless.

## IV.  CONCLUSION

We have considered all other arguments made by the parties on appeal, and conclude that no further discussion is necessary.  For the foregoing reasons, we will remand this case to the District Court for resentencing in accordance with this opinion.