**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1417
_____

UNITED STATES OF AMERICA

v.

MARK GOUVEIA,

Appellant


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 4-09-cr-00162)
District Judge:  Honorable James F. McClure, Jr.

Submitted Under Third Circuit LAR 34.1(a)
September 23, 2010

Before:  MCKEE, Chief Judge, AMBRO and CHAGARES, Circuit Judges.

(Filed September 27, 2010)


_____

OPINION
_____

CHAGARES, Circuit Judge.

Appellant Mark Gouveia ("Gouveia") pled guilty to misprison of felony and now appeals his sentence.  We will affirm the sentence imposed by the District Court.


I.

Because we solely write for the parties, we will only briefly summarize the essential facts. On February 11, 2008, a riot took place at the Federal Correctional Institution at the Allenwood Federal Correctional Complex in White Deer, Pennsylvania. Subsequently, on May 14, 2009, a grand jury returned a four-count indictment against Gouveia, charging him with willfully assisting in that riot, possessing a contraband razor blade, and assaulting two inmates with intent to do bodily harm, in violation of 18 U.S.C. §§ 1792, 1791(a)(2), and 113(a)(3). Gouveia entered a plea of not guilty to these counts at his arraignment on June 25, 2009.

On October 15, 2009, the United States Attorney's Office for the Middle District of Pennsylvania filed a one-count Superseding Information, charging Gouveia with misprison of felony, in violation of 18 U.S.C. § 4. On October 29, 2009, Gouveia waived his right to an indictment and entered a plea of guilty to the Information.

The District Court sentenced Gouveia on February 2, 2010. The District Court first calculated the appropriate guidelines range to be twenty-seven to thirty-three months. The Government argued for an upward variance or departure while Gouveia asked for a downward variance. The District Court denied both requests and sentenced Gouveia to thirty-three months of imprisonment, a term within the guidelines range.

Gouveia now appeals this sentence.

2

II.

The District Court possessed jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. §§ 1291 and 3742(a).

"Our responsibility on appellate review of a criminal sentence is limited yet important: we are to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008). "At both stages of our review, the party challenging the sentence has the burden of demonstrating unreasonableness." United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). The abuse of discretion standard applies to both inquiries. Id.

We thus assess Gouveia's sentence in two stages. We first must determine whether the District Court committed "significant procedural error," for example, by "failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007); see United States v. Smalley, 517 F.3d 208, 214 (3d Cir. 2008). If the District Court's decision is procedurally sound, we then consider the substantive reasonableness of the sentence. In so doing, "[w]e do not seek to second guess" the District Court. Levinson, 543 F.3d at 196. Nevertheless, we must assure ourselves that the District Court has provided an "explanation . . . sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)." Id. Pursuant to this standard, we will affirm the District Court "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."

3

Tomko, 562 F.3d at 568.

### III.

Gouveia does not argue that the District Court committed any procedural error in the sentencing procedure, and our independent review of the record does not reveal any procedural defects. Accordingly, the sole question presented is whether the sentence of thirty-three months is substantively unreasonable. Gouveia argues that the District Court abused its discretion in this regard by declining to grant a downward variance.

We disagree. The District Court meaningfully considered the § 3553(a) factors and sufficiently stated its reasons for the sentence imposed, fashioning a sentence appropriate to the circumstances of Gouveia's case. For instance, the District Court considered Gouveia's participation in a special rehabilitation program called the Special Management Unit in weighing Gouveia's request for a downward variance. Appendix ("App.") 62-63. The District Court rejected the request, however, in light of, inter alia, Gouveia's "extensive" and "extremely unfavorable" prior record. App. 63. Ultimately, the District Court imposed a term of thirty-three months imprisonment based on the finding that a sentence at the top of the guidelines range was "necessary . . . to provide deterrence for any further riotous conduct . . . and to reflect the seriousness of the offense." Id. We conclude that there was no abuse of discretion in the District Court's decision.

### IV.

For the foregoing reasons, we will affirm the judgment of sentence