**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1398
_____

UNITED STATES OF AMERICA

v.

DANIEL YUMMI,
also known as JJRADO@YAHOO.COM,
also known as JOSEPH RADO,
also known as DANIEL YUMMY,
also known as YUMI


Daniel Yummi,
          Appellant


On Appeal from the United States District Court
for the District of New Jersey
(No. 2-09-cr-00539)
District Judge:  Honorable Susan D. Wigenton

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2010

Before:  BARRY, CHAGARES, and VANASKIE, <u>Circuit Judges</u>.

(Filed: December 1, 2010)


_____

OPINION
_____


CHAGARES, <u>Circuit Judge</u>.

Appellant Daniel Yummi ("Yummi") pled guilty to a two-count information and now appeals his sentence. We will affirm the sentence imposed by the District Court.

I.

Because we solely write for the parties, we will only briefly summarize the essential facts. Yummi was arrested in October 2008 due to his involvement in an identity theft ring. Yummi and his co-conspirators, under the guise of operating a collection agency, had gathered personal identifying information for potential victims from commercial databases, and then used that information to deplete the victims' bank accounts and credit lines. On July 16, 2009, Yummi waived his right to an indictment and entered a plea of guilty to a two-count information charging him with conspiracy to commit bank fraud and aggravated identify theft, in violation of 18 U.S.C. §§ 1349, 1028A(a)(1), and 2.

The District Court held a sentencing hearing on January 25, 2010. At that hearing, Yummi made two arguments that are relevant for purposes of this appeal. First, Yummi maintained that Application Note 2 of § 2B1.6 of the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") precluded the consideration of any specific offense characteristics in this case. Second, Yummi posited that there was insufficient evidence to support the two-level upward adjustment required if the offense involved ten or more victims. Yummi specifically objected to the District Court's reliance on a series of redacted emails submitted by the Government as "Exhibit A" to a letter dated January 21, 2010. See Appendix ("App.") at 46-64. These emails, either sent from or received by the

"JJRado" e-mail account, identified various individuals through personal identification information such as names, addresses, dates of birth, and credit card numbers. Although Yummi did not dispute that the JJRado account was his email account or that the emails were genuine, Yummi argued that the redacted emails were insufficient to establish that at least ten victims were involved in this case.

The District Court rejected both of these arguments. Applying upward adjustments for the specific offense characteristics, which included intended loss, the use of sophisticated means, and a two-level adjustment for a scheme involving ten or more victims, the District Court calculated Yummi's total offense level to be at twenty-two.[1] The District Court ultimately sentenced Yummi to a term of fifty-six months for the conspiracy to commit bank fraud count and a consecutive term of twenty-four months for the aggravated identity theft count, for a total of eighty months of imprisonment. The District Court also ordered Yummi to pay $80,000 in restitution.

Yummi now appeals this sentence.

## II.

The District Court possessed jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

"Our responsibility on appellate review of a criminal sentence is limited yet important: we are to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008).

---

[1] The District Court calculated Yummi's sentence using the November 1, 2009 Guidelines. The parties stipulated to this below, and, on appeal, neither party challenges the District Court's reliance on the 2009 Guidelines.

3

We therefore must first determine whether the District Court committed "significant procedural error," for example, by "failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007); see United States v. Smalley, 517 F.3d 208, 214 (3d Cir. 2008). In conducting this procedural assessment, "[w]e review alleged factual errors for clear error but exercise plenary review over 'purely legal' errors, such as a misinterpretation of the Guidelines or the governing case law." United States v. Brown, 595 F.3d 498, 526 (3d Cir. 2010) (citation omitted). If the District Court's decision is procedurally sound, we then consider the substantive reasonableness of the sentence "under an abuse of discretion standard." Id.

### III.

On appeal, Yummi argues that the District Court committed two procedural errors during sentencing. First, Yummi contends that the District Court clearly erred in determining that Yummi's offense involved ten or more victims. Second, Yummi asserts that the District Court misinterpreted the Guidelines by failing to read Application Note 2 of § 2B1.6 as precluding the imposition of any specific offense characteristics.

We will discuss each of these issues in turn.

### A.

Information used as a basis for sentencing under the Guidelines must have "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a); see United States v. Brothers, 75 F.3d 845, 848 (3d Cir. 1996). Yummi argues that, pursuant to this standard, the District Court clearly erred in relying on Exhibit A to the

4

Government's January 21, 2010 letter in applying a two-level enhancement for offenses that involve ten or more victims. We disagree.

As an initial matter, it is necessary to review briefly the statutory definitions at issue. According to § 2B1.1(b)(2)(A) of the Guidelines, a two-level enhancement is applied if the offense "involved 10 or more victims." U.S.S.G. § 2B1.1(b)(2)(A). A "victim," for "[c]ases [i]nvolving [m]eans of [i]dentification," is defined in relevant part as "any individual whose means of identification was used unlawfully or without authority." U.S.S.G. § 2B1.1 cmt. n.4(E). "'Means of identification' has the meaning given that term in 18 U.S.C. § 1028(d)(7), except that such means of identification shall be of an actual (i.e., not fictitious) individual." U.S.S.G. § 2B1.1 cmt. n.1. And under 18 U.S.C. § 1028(d)(7), "means of identification" includes, inter alia, "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any . . . name, social security number, date of birth, [and] official State or government issued driver's license or identification number." 18 U.S.C. § 1028(d)(7).

Pursuant to these definitions, we see no clear error in the District Court's reliance on Exhibit A to conclude that Yummi's scheme involved ten or more "victims." As noted, Exhibit A to the Government's January 21, 2010 letter is a compilation of various emails sent from and received by the JJRado email account. Yummi disputes neither his ownership of the account nor the authenticity of the emails.[2] Those emails, partially

---

[2] This appeal thus presents a stark contrast to the case cited by Yummi, United States v. Miele, 989 F.2d 659 (3d Cir. 1993), in which we held that the unsworn, uncorroborated, and inconsistent testimony of a drug-addicted co-conspirator did not

5

redacted to protect those involved, identify more than ten individuals through "means of identification" such as names, addresses, birth dates, and credit card numbers. The District Court did not clearly err in determining that these individuals constitute "victims" under a "sufficient indicia of reliability" standard, given that Yummi, at the very least, "used" these identities "without authority" by either receiving or transferring their "means of identification" through the JJRado email account. Accordingly, we affirm the District Court on this point.

B.

Yummi next objects to the District Court's interpretation of Application Note 2 of § 2B1.6 of the Guidelines. That note provides that "[i]f a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic <u>for the transfer, possession, or use of a means of identification</u> when determining the sentence for the underlying offense." U.S.S.G. § 2B1.6 cmt. n.2 (emphasis added). Yummi argues that since he was sentenced for both aggravated identity theft and conspiracy to commit bank fraud, the application note prohibits the consideration of any specific offense characteristics when calculating his range under the Guidelines.

Yummi's proffered interpretation is contradicted by the plain text of Application Note 2. The note does not, as Yummi contends, prohibit the application of <u>all</u> specific offense characteristics, but rather only those specific offense characteristics that are based on "the transfer, possession, or use of a means of identification." Here, the District Court

meet the "sufficient indicia of reliability" standard. <u>See</u> <u>id.</u> at 665-66.

6

granted upward adjustments for intended loss, the use of sophisticated means, and the number of victims. None of these specific offense characteristics pertain to "the transfer, possession, or use of a means of identification," and thus are not forbidden by the text of the note.[3] We therefore hold that the District Court did not erroneously consider any special offense characteristics in sentencing Yummi.[4]

IV.

For the foregoing reasons, we will affirm the judgment of sentence.

---

[3] As the Government points out, the District Court did not grant an upward adjustment pursuant to § 2B1.1(b)(10), which does pertain to "the transfer, possession, or use of a means of identification" and thus would be precluded from consideration as a specific offense characteristic pursuant to Application Note 2 of § 2B1.6 of the Guidelines.

[4] Yummi argues that the putative procedural deficiencies preclude effective reasonableness review in this case. See Appellant's Brief at 17-18. For the reasons discussed, we see no procedural error in the District Court's sentencing of Yummi. We thus reach the issue of reasonableness and hold that the District Court did not abuse its discretion by imposing a substantially unreasonable sentence. The District Court meaningfully considered the 18 U.S.C. § 3553(a) factors and sufficiently stated its reasons for the sentence imposed, fashioning a sentence appropriate to the circumstances of Yummi's case.