NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2553
_____

UNITED STATES OF AMERICA

v.

NAEEM COTTON,
                                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 1-09-cr-00563-001)
District Judge:  Honorable Renee M. Bumb
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 9, 2011
Before:   JORDAN, GREENAWAY, JR. and WEIS, Circuit Judges.
(Filed:  February 28, 2011)
_____

OPINION
_____

WEIS, Circuit Judge.

        Defendant pleaded guilty to a one-count indictment charging him with

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

Finding that the gun had been stolen, the District Court added an enhancement under

1

U.S.S.G. § 2K2.1(b)(4)(A).  The resulting Guidelines range was 92 to 115 months, based on a total offense level of 23 and Criminal History Category VI.  The District Court sentenced defendant to a 105-month term of imprisonment.

On appeal, defendant vigorously argues that there was inadequate proof that the firearm had, in fact, been stolen.  We are not persuaded that the District Court's finding on this point was clearly erroneous.  See United States v. Sanchez, 507 F.3d 532, 538-39 (7th Cir. 2007) (affirming two-level sentence enhancement based upon police report of stolen firearm, where other indicia of reliability were present); see also United States v. Bates, 584 F.3d 1105, 1108-10 (8th Cir. 2009) (same, where, in absence of police report, district court relied upon testimony of gun's prior owner as to circumstances of its theft).

In addition, the District Court stated that, even if it "had . . . not assessed the two point adjustment for . . . the firearm being stolen, [it] nonetheless would have varied upward to the [105-month] sentence" based on the § 3553(a) factors.  See, e.g., United States v. Smalley, 517 F.3d 208, 214 n.6 (3d Cir. 2008) ("[I]f a district court wishes to provide for the possibility that a different Guidelines calculation applies by handing down an alternative sentence, it must still begin by determining the correct alternative Guidelines range and properly justify the chosen sentence").

Defense counsel presented a lengthy and thoughtful argument on behalf of his client.  The record before us reflects the District Court's considered and extensive

analysis of the § 3553(a) factors.  We find no significant procedural or substantive error in the sentencing and, therefore, defer "'to the . . . determination that the § 3553(a) factors, on a whole,' justify the sentence."  United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (citation omitted).

Accordingly, we will affirm the Judgment of the District Court.