NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3267
_____

UNITED STATES OF AMERICA

v.

FRANK KUNI,
a/k/a JAMIE R. SHEPARD

Frank Kuni,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1-10-cr-00623-001)
District Judge: Honorable Noel L. Hillman

_____

Argued September 18, 2012

_____

Before: AMBRO, GREENAWAY, JR., and TASHIMA,[*]Circuit Judges

(Filed: February 14, 2013)

Lori M. Koch, Esquire (Argued)
Julie A. McGrain, Esquire
Office of Federal Public Defender
800-840 Cooper Street, Suite 350
Camden, NJ  08102

_____

[*] Hon. A. Wallace Tashima, Senior Judge, United States Court of Appeals for the Ninth
Circuit, sitting by designation.

Counsel for Appellant

Paul J. Fishman
  United States Attorney
Caroline A. Sadlowski (Argued)
  Assistant U.S. Attorney
Mark E. Coyne, Esquire
Office of the United States Attorney
970 Broad Street, Room 700
Newark, NJ  07102

Jason M. Richardson, Esquire
Office of the United States Attorney
401 Market Street
Camden, NJ  08101

      Counsel for Appellee

_____

OPINION
_____

TASHIMA, <u>Circuit Judge</u>

Frank Kuni appeals his sentence of thirty-six months' imprisonment following his plea of guilty to three counts of making false statements in a job application to the U.S. Census Bureau and one count of fraudulent use of an identification document.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2).

Kuni challenges two aspects of his sentence:  (1) the six-level enhancement imposed by the District Court for use of an "authentication feature," pursuant to

2

U.S.S.G. § 2B1.1(b)(10)(A)(ii) (2010);[1] and (2) the two-level enhancement imposed for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. We hold that, even if the District Court erred in applying the authentication feature enhancement—a question we do not decide—any error was harmless given the alternative sentence imposed by the District Court. We affirm the application of the two-level enhancement for obstruction of justice.

I.

In March 2009, Kuni, a registered sex offender, applied for a job with the Census Bureau using a false identity. On his application forms, Kuni provided the name Jamie R. Shepard, a false date of birth, and a false Social Security number. Kuni also presented to the Census Bureau a Social Security card in the name of Jamie Shepard and a Burlington County College identification card containing his photograph, the name Jamie Shepard, and an altered expiration date of September 20, 2011. Kuni was hired as an enumerator for the 2010 Census, but was fired a week later when a fingerprint analysis revealed his true identity as well as his criminal record.

On November 24, 2010, Kuni pled guilty to three counts of making false statements, in violation of 18 U.S.C. § 1001, and one count of fraudulent use of an identification document, in violation of 18 U.S.C. § 1028(a)(4). The District Court

---

[1] The Presentence Investigation Report ("PSR") used the 2010 edition of the Guidelines Manual—the version in effect at the time of Kuni's conviction—to calculate Kuni's Guidelines range. In the current edition of the Guidelines, the authentication feature enhancement remains unchanged, but is found in § 2B1.1(b)(11)(A)(ii). The 2010 edition of the Guidelines Manual is referenced in this opinion.

sentenced Kuni to thirty-six months' imprisonment on each count of making false statements and twelve months' imprisonment on the count of fraudulent use of an identification document, with all counts to be served concurrently. This appeal followed.

## II.

The District Court applied a six-level enhancement pursuant to U.S.S.G. § 2B1.1 based on a finding that the offense of conviction involved "the possession or use of any . . . authentication feature."[2] *See* U.S.S.G. § 2B1.1(b)(10)(A)(ii). We need not decide whether the District Court erred in applying this enhancement because, even if it did, any error was harmless given the District Court's express statement that it would have imposed the same sentence in the absence of the enhancement.

It is well-established that an alternative sentence can render a Guidelines calculation error harmless. *See United States v. Wright*, 642 F.3d 148, 154 n.6 (3d Cir. 2011). To do so, the alternative sentence must comply with the procedural requirements set forth in *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006). *See Wright*, 642 F.3d at 154 n.6. Here, the District Court methodically described the calculation of Kuni's offense level, making clear, and indeed even reiterating, the offense level that Kuni would have received if the authentication feature enhancement were not applicable. Moreover,

---

[2]  The District Court applied the authentication feature enhancement in connection with Kuni's use of an altered expiration date on the Burlington County College identification card that he presented to the Census Bureau.

in handing down the alternative sentence, the District Court thoroughly articulated the reasons why it would have varied upward to impose the same sentence based on the relevant factors under 18 U.S.C. § 3553. The District Court cited, in light of Kuni's extensive criminal history, the need for adequate deterrence, the need to convey respect for the law, specifically with regard to fraudulent use of identification documents, and the risk that Kuni posed to the public. This explanation is a far cry from the type of "bare statement devoid of any justification" that this Court has previously found insufficient to uphold an alternative sentence. *See United States v. Smalley*, 517 F.3d 208, 215 (3d Cir. 2008).

Because the alternative sentence was both procedurally and substantively sound, we hold that any error by the District Court in applying the authentication feature enhancement was harmless.

## III.

The District Court found that Kuni was subject to the two-level enhancement under U.S.S.G. § 3C1.1 for having "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." *Id.* The District Court based this determination on a phone call that Kuni placed to a friend from prison after his arrest, during which Kuni instructed the friend to "go over to [Kuni's] house and take some stuff and make sure the police don't go back in there again."

A District Court's factual finding of willful obstruction is reviewed for clear error.

5

*United States v. Brennan*, 326 F.3d 176, 200 (3d Cir. 2003). We will not reverse such a finding unless, "on review of the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Siddons*, 660 F.3d 699, 708 (3d Cir. 2011) (quotation marks omitted).

Although, as acknowledged by the District Court, there is evidence to support Kuni's claim that he was concerned for the security of his property in the wake of his arrest, given the nature of Kuni's criminal history as well as the plain words of the comment in question, it was not clearly erroneous for the District Court to infer that Kuni's intent was, at least in part, to conceal evidence and hinder the investigation into his criminal activities. Accordingly, we affirm the District Court's application of the obstruction of justice enhancement.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.