NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2815
_____

UNITED STATES OF AMERICA

v.

RAFAEL VASQUEZ,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 1-10-cr-00729-003)
District Judge: Honorable Noel L. Hillman
_____

Submitted Under Third Circuit LAR 34.1(a)
March 5, 2013

Before:  RENDELL, AMBRO, and VANASKIE, Circuit Judges

(Opinion filed: March 15, 2013)

_____

OPINION
_____

AMBRO, Circuit Judge

Rafael Vasquez, who pled guilty to conspiracy with intent to distribute five grams

or more of crystal methamphetamine in violation of 21 U.S.C. § 846 and dealing in

firearms without a federal license in violation of 18 U.S.C. § 922(a)(1)(A), was sentenced to 135 months' imprisonment.  He appeals the sentence.

I.

In February of 2008, the Philadelphia/Camden High Intensity Drug Trafficking Area Task Force began investigating a suspected international drug trafficking organization.  As part of this investigation, an undercover agent posing as a drug dealer met with Vasquez on several occasions between April and May of 2009 to sample and purchase cocaine.  On two occasions, Vasquez sold the undercover agent 4.5 ounces of cocaine for $4,500.  Vasquez also supplied the agent with a small amount of crystallized methamphetamine to sample.  In July of 2009, Vasquez arranged to sell the agent crystallized methamphetamine, but, upon being unavailable to meet with the agent, sent a co-conspirator, Antonio Leon, to make the sale.   From then on, the undercover agent purchased drugs from Leon.  After his arrest, Vasquez told police that he obtained the drugs he sold from Leon, and that both he and Leon obtained drugs from another co-conspirator.

During one of the sales, the undercover agent told Vasquez that he was interested in purchasing guns.  Vasquez and the undercover agent spoke again in September 2009, when Vasquez called the agent to offer two firearms for sale.  Several days later, Vasquez sold the undercover agent an AK-47-style assault rifle, a Yugoslavian M56 automatic assault weapon, and ammunition for the former.

Vasquez was arrested in December of 2009 and admitted to police that he had been selling drugs for four to five years.  He also admitted to selling the two assault

2

weapons and owning a handgun, which he had loaned to someone else. He was indicted on criminal charges for the drug and weapon sales.

Vasquez pled guilty pursuant to a plea agreement with the Government. In it the parties stipulated that the applicable Sentencing Guidelines offense level was 31 and Vasquez's Criminal History was a Category I, resulting in a Guidelines range of 108 to 135 months.[1] In its Pre-Sentence Report, the Probation Department determined that Vasquez should receive a two-level enhancement for possession of a dangerous weapon in connection with the drug distribution conspiracy under U.S.S.G. § 2D1.1(b)(1). With this two-level enhancement, the Probation Department found that Vasquez had an offense level of 33, resulting in a Guidelines range of 135 to 168 months.

At sentencing, Vasquez objected to the enhancement. Per the Plea Agreement, the Government did not take a position on the enhancement's applicability. The District Court found that the gun sales were sufficiently related to the drug sales that the enhancement applied. On appeal, Vasquez argues that the District Court erred by imposing the enhancement and asks us to vacate his sentence and remand for resentencing.[2]

---

[1] The Plea Agreement allowed Vasquez to argue that he qualified for the "safety valve" provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. App. at 40–41. Application of the safety valve would have entitled Vasquez to a two-level reduction in offense level under U.S.S.G. § 2D1.1(b)(16). The District Court determined that Vasquez was not eligible for the safety valve, and he does not challenge that determination.

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review the factual findings supporting a district court's application of the Sentencing Guidelines for clear error, and exercise plenary review over the court's interpretation of the Guidelines. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (*en banc*). "'A finding is clearly erroneous when, although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993)) (internal alterations and quotation marks omitted).

Section 2D1.1 of the Sentencing Guidelines applies to certain drug offenses, and permits a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). A comment explains that "[t]he enhancement for weapon possession in subsection (b)(1) reflects the increased danger of violence when drug traffickers possess weapons. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *Id.* at cmt. 3(A).

Vasquez argues that the enhancement is inapplicable because he did not possess or sell guns in connection with the drug sales. The District Court considered this argument, but found that the "weapons here . . . were, in fact, connected with the offense of drug trafficking." App. at 120. The Government argues that the enhancement was properly applied because the weapons sale was part of the drug distribution conspiracy, part of the

4

same course of conduct or common scheme as the drug distribution conspiracy,[3] and Vasquez's co-conspirators possessed guns in close proximity to drugs and currency.

We do not need to determine whether the two-level enhancement was properly applied because, even if the District Court erred in applying the enhancement, that error is harmless. We treat a Guidelines calculation error as harmless if the record shows that there is overlap between the correct and incorrect guidelines ranges and "the sentencing judge would have imposed the same sentence under a correct Guidelines range, that is, that the sentencing Guidelines range did not affect the sentence actually imposed." *United States v. Langford*, 516 F.3d 205, 216 (3d Cir. 2008).

It is clear from the record that the District Court would have imposed the same sentence even if the two-level enhancement did not apply. After calculating the Sentencing Guidelines range with the enhancement, Judge Hillman heard from both parties, and considered the § 3553(a) factors. He held that "a sentence of 135 months, under any Sentencing Guideline calculation, would have been a sufficient sentence, but not greater than necessary, to reflect the serious nature of these drugs and guns combined." App. at 157. He concluded that "I would have imposed that sentence, whatever my sentencing calculation." *Id.*

This is not a situation where the "alternative sentence is a bare statement devoid of any justification for deviating" from the alternate Guidelines range. *United States v. Smalley*, 517 F.3d 208, 215 (3d Cir. 2008); *see also United States v. Wright*, 642 F.3d

---

[3] The Government also contends that Vasquez cannot contest that the gun sales were part of the offense conduct here because he has conceded that the gun sales were part of the relevant conduct under the safety valve analysis.

148, 154 n.6 (3d Cir. 2011). The District Court was aware that the 135-month sentence fell within both the Guidelines range it calculated and the range without the two-level enhancement. The Government made this point expressly when arguing for a sentence of 135 months or more. In sentencing Vasquez, Judge Hillman recognized his authority "to vary and depart, both upward and downward, from any guideline calculation." App. at 157. He explained that if the sentencing range under the Guidelines did not account for the presence of the guns and drugs involved in these offenses—that is, if the enhancement did not apply—he "would have either imposed a sentence at the high end of the sentencing range or varied upward." *Id.* at 156–57. In this context, we affirm the sentence imposed.