NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2537
_____

UNITED STATES OF AMERICA

v.

ANTONIO LEON,
Appellant

_____

On Appeal from the District Court
for the District of New Jersey
D.C. Criminal No. 1-10-cr-00729-001
(Honorable Noel L. Hillman)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 08, 2014

Before: FISHER, SCIRICA, and COWEN, *Circuit Judges*

(Filed: July 1, 2014 )

_____

OPINION OF THE COURT
_____

1

SCIRICA, *Circuit Judge*

Defendant Antonio Leon pleaded guilty to conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. The District Court sentenced Leon to a prison term of 108 months. Leon challenges his sentence, in particular the application of a two-level enhancement for possession of a firearm in connection with the drug trafficking offense. We will affirm.[1]

**I.**

From April to December 2009, Leon participated in a large-scale drug trafficking organization in Camden County and Atlantic County, New Jersey, with several co-conspirators, including Rafael Vasquez. Local law enforcement initiated an investigation of the organization in which an undercover officer posing as a drug dealer approached Vasquez about securing significant quantities of narcotics. In the following months, Leon, Vasquez, and other co-conspirators provided and delivered to the undercover officer crystal methamphetamine, methamphetamine, and cocaine. In addition to narcotics, the undercover officer expressed an interest in purchasing firearms. Leon accompanied Vasquez to a blueberry farm in Hammonton, New Jersey, where they procured firearms to sell to the undercover officer. A few days later, Vasquez sold the undercover officer a Yugoslavian M56 automatic assault weapon, an AK-47 assault rifle, and fourteen rounds of ammunition.

Leon was arrested on December 3, 2009. After his arrest, Leon admitted to selling narcotics to the undercover officer and accompanying Vasquez to pick up the firearms.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. Our jurisdiction is provided by 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

He was charged in a superseding information with one count of conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846.

On April 11, 2011, Leon pleaded guilty to the superseding information. Pursuant to a written plea agreement, Leon admitted responsibility for the possession and distribution of crystal methamphetamine, methamphetamine, and cocaine. He stipulated a sentence resulting from an offense level of 29 would be reasonable and waived any right to challenge such a sentence.[2] But the Probation Office concluded in its Presentence Investigation Report that Leon's offense level should be 31, due to a two-level enhancement for possession of a firearm in connection with the drug trafficking offense under United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(b)(1) (the "firearm enhancement").[3]

On May 20, 2013, the District Court sentenced Leon to a prison term of 108 months. The District Court found that the base offense level for Leon's conviction was 34 and reduced his offense level by two points for application of a safety valve provision under U.S.S.G. § 5C1.2 and three points for acceptance of responsibility under U.S.S.G. § 3E1.1. It then applied the two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1). As a result, Leon's total offense level was 31. With a criminal history category of I, Leon's resulting Guidelines range was 108 to 135 months, and the District Court sentenced Leon to the lowest end of that range.

_____

[2] The Guidelines range for a total offense level of 29 with a criminal history category of I, for which Leon qualified, is 87 to 108 months.
[3] The Guidelines range for a total offense level of 31 with a criminal history category of I is 108 to 135 months.

At sentencing Leon objected to the application of the firearm enhancement, contending he had no involvement in the possession of firearms.[4] The District Court rejected his argument, finding the sale of firearms was part and parcel of the conspiracy. Because Leon accompanied Vasquez to pick up the firearms and the co-conspirators discussed the sale of firearms, the District Court concluded that possession of firearms was a reasonably foreseeable act in furtherance of the conspiracy and thus qualified as relevant conduct in determining whether to apply the firearm enhancement. It further stated that even if the firearm enhancement did not apply and Vasquez's resulting offense level was 29, it would nonetheless impose a sentence of 108 months. This timely appeal followed.

## II.

Leon contends the District Court erred by applying the two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1). He characterizes Vasquez's sale of firearms as a side venture wholly separate from the drug transactions and claims he had no knowledge of them. Accordingly, Leon believes the firearm enhancement should not have applied.

Section 2D1.1 is the Guideline applicable to a drug trafficking offense under 21 U.S.C. § 846. It calls for a two-level enhancement to the base offense level "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). Further, U.S.S.G. § 1B1.3 directs a court to consider "relevant conduct"—that is, certain

---

[4] Because the plea agreement did not contemplate application of the firearm enhancement and barred the parties from seeking additional Guidelines adjustments, the Government objected to the firearm enhancement and offered no argument regarding its application.

conduct beyond the offense of conviction—when determining whether enhancements based on specific offense characteristics apply. Section 1B1.3 defines relevant conduct, "in the case of a jointly undertaken criminal activity," as "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity," so long as those acts or omissions "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(B). On this basis, the District Court found the firearm enhancement applied.

Although we likely see no error, we need not determine whether the District Court properly applied the firearm enhancement because even if the court erred, the error was harmless. A sentencing error is harmless where the record "show[s] that the sentencing judge would have imposed the same sentence under a correct Guidelines range, that is, that the sentencing Guidelines range did not affect the sentence actually imposed." *United States v. Langford*, 516 F.3d 205, 216 (3d Cir. 2008). A court's rationale for imposing the same sentence must be adequately explained—"a bare statement devoid of any justification" is not enough. *United States v. Smalley*, 517 F.3d 208, 215 (3d Cir. 2008).

It is clear from the record the District Court would have imposed a sentence of 108 months of imprisonment even if the firearm enhancement did not apply. After calculating Leon's Guidelines range with the firearm enhancement, the District Court considered the factors in 18 U.S.C. § 3553(a), paying particular attention to the sheer scope of the  conspiracy, the large quantities of drugs distributed, the sale of dangerous

5

weapons, and the need to protect the public and impose a sentence that afforded adequate deterrence. It concluded that the § 3553(a) factors weighed in favor of a sentence of 108 months of imprisonment, adding it would "impose this same sentence of 108 months even if [it] did not apply the [firearm enhancement]." App. 97. Because a sentence of 108 months "furthers the statutory goals" of 18 U.S.C. § 3553(a), the court emphasized it would "exercise [its] full sentencing discretion to impose a sentence of 108 months, whether it's a [total offense level of] 29 or 31." *Id.* at 98.

Given the District Court's detailed explanation for imposing a prison term of 108 months regardless of whether Leon's total offense level was 29 or 31,[5] any error in applying the firearm enhancement was harmless.

**III.**

For the foregoing reasons, we will affirm the judgment of conviction and sentence.

---

[5] The Government and Leon acknowledged at sentencing that a sentence of 108 months overlapped with both potential Guidelines ranges. We have held that such overlap is not determinative of whether a sentencing error was harmless, but "may be helpful" to the analysis. *Langford*, 516 F.3d at 216. Here, the District Court provided sufficient justification for its alternative sentence, and we do not rely on the overlap in our analysis.