CLD-263                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2337
_____

UNITED STATES OF AMERICA

v.

OMARI HOWARD PATTON, a/k/a "O"

Omari Patton,
    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Crim. No. 02-cr-00093)
District Judge:  Honorable Donetta W. Ambrose
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 9, 2015
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed: July 23, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Omari Howard Patton, a federal prisoner proceeding pro se, appeals from the District Court's order denying his motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure. The Government moves to summarily affirm the District Court's order. For the following reasons, we will grant the Government's motion.

Patton was a member of one of the largest heroin and cocaine trafficking organizations in western Pennsylvania. In November 2004, a federal jury found him guilty of more than twenty-five counts of drug-related felonies, including: one count each of conspiring to distribute one kilogram or more of heroin, five kilograms or more of cocaine, and fifty grams or more of cocaine base; and one count of possession with intent to distribute 100 grams or more of heroin. At sentencing, the District Court found that Patton was responsible for at least six hundred grams of cocaine base and ten kilograms of heroin[1] and, relying on the United States Sentencing Guidelines, sentenced him to an aggregate term of 360 months' imprisonment. We affirmed the convictions and sentences on direct appeal. United States v. Patton, 292 F. App'x 159 (3d Cir. 2008) (not precedential).

Since then, Patton has unsuccessfully attempted to challenge the District Court's drug quantity findings on several occasions. First, when Patton filed a motion to vacate his convictions and sentences under § 2255, he argued, inter alia, that his attorney

---

[1] The Probation Office prepared a Presentence Investigation Report ("PSR") that deemed Patton responsible for these quantities based on the evidence at trial, which included testimony from Patton's co-conspirators.

rendered ineffective assistance at sentencing by failing to challenge the ten kilograms of heroin attributed to him in the Presentence Investigation Report ("PSR"). The District Court rejected this claim, finding that counsel had, in fact, made this argument at sentencing. We affirmed the District Court's judgment. United States v. Patton, 502 F. App'x 139 (3d Cir. 2012) (not precedential). Patton subsequently filed two motions pursuant to 18 U.S.C. § 3582(c)(2) based on changes in the Guidelines challenging both the amount of cocaine base and heroin attributed to him. The District Court denied both motions.[2]

On March 25, 2015, Patton filed the motion at issue in this appeal, a motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure, to correct an alleged "clerical error" in the record. In the motion, Patton contended that Paragraph 23 of his PSR erroneously stated that he was responsible for ten kilograms of heroin. Patton explained that the Bureau of Prisons ("BOP") relies on the PSR to determine his custody classification, and claimed that the error has precluded him from participating in certain prison programs. The District Court denied the motion, and Patton timely appealed.[3]

The District Court properly denied relief. Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from

_____

[2] Patton's appeal from the District Court's order denying his second motion pursuant to 18 U.S.C. § 3582(c)(2) is currently pending in this Court. (C.A. No. 14-4157.) Patton did not seek review of the District Court's order denying his first § 3582(c)(2) motion.

3

oversight or omission." Fed. R. Crim. P. 36. "A clerical error involves a failure to accurately record a statement or action by the court or one of the parties." United States v. Bennett, 423 F.3d 271, 277-78 (3d Cir. 2005) (quotation and citation omitted); see also United States v. Smalley, 517 F.3d 208, 213 (3d Cir. 2008). In objecting to the heroin quantity found in the PSR, Patton does not seek to correct an error of oversight or omission; instead, he seeks a substantive change to the PSR and his sentence on the ground that the heroin quantity finding was unsupported. Rule 36 does not, however, authorize a sentencing court to substantively modify a sentence. Bennett, 423 F.3d at 278 (explaining that a sentencing court may not correct an illegal sentence or otherwise substantively modify a sentence via Rule 36). Therefore, the District Court properly denied relief.

Given that this appeal presents no substantial question, we will grant the Government's motion and summarily affirm the District Court's order. See 3d Cir. LAR 27.4 and I.O.P. 10.6. The motion for appointment of counsel is denied.

---

[3] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.