**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———

No. 09-3175
———

UNITED STATES OF AMERICA

v.

MATTHEW SANDERS
Appellant
———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:07-cr-00362)
District Judge: Honorable Mary A. McLaughlin
———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 17, 2010

Before: JORDAN, HARDIMAN and VAN ANTWERPEN, *Circuit Judges*.

(Filed  December 17, 2010)
———

OPINION OF THE COURT
———

VAN ANTWERPEN, *Circuit Judge*.

Appellant Matthew Sanders ("Sanders") was convicted following a jury trial and

now appeals his sentence   For the reasons that follow, we will affirm the sentence

imposed by the District Court.

## I.

Because we solely write for the parties, we will only briefly review the essential facts. On December 29, 2006, Sanders entered a K-Mart store in Philadelphia, Pennsylvania where he had previously worked as a security guard. Sanders convinced a coworker to provide access to a secured area, permitting him to remain hidden inside the store over night. The next morning, Sanders entered the manager's office armed with a handgun, held it to her head, and ordered her to open the store safe. Thereafter, Sanders forced her to the office floor, restrained her with handcuffs, and removed $28,600 before fleeing the premises.

Following an investigation by police, Sanders was arrested and charged with interfering with interstate commerce and firearms offenses in connection with the robbery. While in pretrial custody at the federal detention center, Sanders admitted to another inmate that he had robbed the K-Mart store. He also solicited assistance from inmates in an attempt to create a false alibi and prevent the store manager from testifying against him as a witness. Sanders was thus additionally charged with one count of obstructing justice.

On December 18, 2008, after a four day trial, Sanders was convicted of the following charges: one count of interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951; one count of knowingly using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and one count of obstructing justice, in violation of 18 U.S.C. § 1503(a).

As a career offender, Sanders was assigned a total offense level of 32 with a criminal history category of VI.[1] Because his offense involved a conviction under § 924(c) and there was no reduction for acceptance of responsibility, Sanders' final guideline range was 360 months to life imprisonment.

On July 12, 2009, the District Court sentenced Sanders to a term of 360 months of incarceration and a term of supervised release of five years. In addition, Sanders was ordered to pay restitution in the amount of $28,600 and a special assessment of $300.

Sanders now appeals this sentence.

## II.

The District Court possessed jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. §§ 1291 and 3742(a).

"Our responsibility on appellate review of a criminal sentence is limited yet important: we are to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008). "At both stages of our review, the party challenging the sentence has the burden of demonstrating unreasonableness." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). The abuse of discretion standard applies to both inquiries. *Id.*

We thus assess Sanders' sentence in two stages. We first must determine whether the District Court committed a "significant procedural error," for example, by "failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence."

---

[1] The Probation Office and District Court utilized the November 1, 2008 edition of the Sentencing Guidelines. There are no ex post facto concerns, and the appellant does not dispute the calculations utilized in his case.

3

*Gall v. United States*, 552 U.S. 38, 51 (2007); *see United States v. Smalley*, 517 F.3d 208, 214 (3d Cir. 2008).[2] If the District Court's decision is procedurally sound, we then consider the substantive reasonableness of the sentence. In so doing, "[w]e do not seek to second guess" the District Court. *Levinson*, 543 F.3d at 196. Moreover, "[a] sentencing court need not make findings as to each factor if the record otherwise makes clear that the court took the factors into account." *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007). Nevertheless, we must assure ourselves that the District Court has provided an "explanation . . . sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)." *Levinson*, 543 F.3d at 196. Pursuant to this standard, we will affirm the District Court "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

**III.**

Sanders does not argue that the District Court committed any procedural errors in fashioning his sentence, and our independent review of the record does not reveal any procedural defects. Accordingly, the sole question presented is whether the sentence of 360 months is substantively reasonable.

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the defendant's history; (2) the need to reflect the seriousness of the crime, adequately deter criminal conduct, protect the public, and provide training or medical care; (3) the available sentences; (4) the established sentencing range; (5) any pertinent sentencing policies; (6) the need to avoid sentencing disparities; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1)-(7).

Sanders argues that the District Court abused its discretion in this regard by imposing a sentence that was harsher than necessary and therefore inconsistent with the overarching instruction present in the "parsimony provision" of § 3553(a).[3]  Specifically, Sanders contends that his 360 month sentence amounts to a life sentence in light of his age and HIV status, and that a lesser sentence would have been adequate.  Moreover, Sanders argues that the District Court failed to give proper regard to his mental health issues and history of childhood abuse and substance abuse.  Sanders contends that these facts, when considered together, "cried-out for compassion and humanity rather than permanent incapacitation."  Appellant's Br. at 16.

We disagree.  The District Court imposed a sentence that was entirely reasonable in light of the parsimony provision and factors set forth in § 3553(a).  Sanders was convicted of an armed robbery during which he held a gun to the head of a store manager, forced her to the floor, and restrained her with handcuffs prior to removing a large sum of money from the store safe.  As the District Court noted, this was "a very serious, violent crime," and it was "very lucky that someone was not killed here."  Supp. App. at 51.  Sanders' obstructive conduct prior to trial, which at minimum included efforts to construct a false alibi and render a federal witness unavailable, further substantiates the reasonableness of the sentence imposed.  Similarly, 360 months is reasonable given the appellant's extensive and serious criminal history.  As observed by the District Court, Sanders accrued eight convictions in a twenty-three year period even though he was

---

[3] This provision states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."

incarcerated for eighteen of those years. *Id.* at 52. Four of those convictions were for crimes of violence. *Id.*

The record also indicates that the District Court gave "meaningful consideration" to the § 3553(a) factors as well as Sanders' arguments regarding mitigation and leniency. During the July 12, 2009 sentencing hearing, the District Court explicitly considered the nature and circumstances surrounding the robbery and subsequent obstructive conduct, his extensive criminal history, and his absence of remorse. The District Court clearly weighed these factors against Sanders' personal background including the issues of mental illness and childhood abuse as well as the testimony by his sister relating to the same. *Id.* The court's consideration of Sanders' status as an HIV-positive inmate is also evident. At the start of the sentencing proceeding, the District Court noted receipt of a letter sent by the Bureau of Prisons concerning its ability to provide adequate healthcare for inmates with AIDS. At the end of the proceeding, the court stated its intent to defer to the Bureau in assigning Sanders to a facility that could best meet his needs. Taking all of these factors into account, the District Court acknowledged that "for someone who is Mr. Sanders' age [, 360 months] could amount to a life sentence, but I do think that in view of the history – and Mr. Sanders' conduct in connection with this prosecution that that is the sentence that fulfills the purposes of sentencing." *Id.* at 53. "[A] district court's failure to give mitigating factors the weight a defendant contends they deserve" does not render a sentence per se unreasonable. *See United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007). Given the seriousness of Sanders' offenses and the significance of his criminal

6

record, the District Court's rejection of Sanders' arguments regarding mitigation and lenience was not unreasonable.

Finally, contrary to Sanders' contention on appeal, our decision in *United States v. Olhovsky*, 562 F.3d 530 (3d Cir. 2009) does not compel a different determination. Appellant's Br. at 15. In *Olhovsky*, we held that a six-year sentence for possession of child pornography was substantively unreasonable where the court committed procedural errors and ignored substantial expert testimony that the defendant had a uniquely low chance of recidivism. 562 F.3d at 550. Notably, the court concluded that the eighteen-year-old defendant was unresponsive to counseling in spite of considerable expert testimony to the contrary. *Id*. at 543, 549-51. Here, the District Court did not commit any procedural errors. Moreover, whereas the appellant in *Olhovsky* presented substantial testimonial support for leniency, Sanders provided the District Court with only his own unsupported assertions that his age and HIV positive status warranted imposition of a sentence less than 360 months. Neither of these factors prevented Sanders from committing the instant offense, and the District Court acted well within its discretion in concluding that a 360 month sentence was necessary to fulfill all of the sentencing purposes mandated by § 3553(a).

**IV.**

For the foregoing reasons, we will affirm Sanders' conviction and judgment of sentence.[4]

---

[4] We additionally deny Sander's recently filed *pro se* motion to disqualify his counsel without prejudice to his right to raise this issue by way of collateral attack under 28 U.S.C. § 2255.