NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
———

No. 08-1564
———

UNITED STATES OF AMERICA

v.

JESUS ZAVALA-GARCIA,

Appellant

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 07-cr-399-03)
District Judge: Hon. Sylvia H. Rambo
———

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 22, 2011

Before: FUENTES, SMITH, and VAN ANTWERPEN, *Circuit Judges*.

(Filed: April 1, 2011)
———

OPINION OF THE COURT
———

VAN ANTWERPEN, *Circuit Judge*.

Jesus Zavala-Garcia ("Zavala") appeals from the District Court's imposition of a

36 month sentence following his guilty plea. Zavala argues on appeal that the District

Court imposed an unreasonable sentence by failing to consider all of the arguments he

made in support of a downward variance and by inadequately explaining its basis for their rejection.

**I.**

Because we write solely for the parties, we recount the facts and proceedings only to the extent required for resolution of this appeal. On November 15, 2007, Zavala entered a guilty plea to conspiracy to distribute and possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 846.

After Zavala entered his guilty plea, the probation department prepared a presentence report ("PSR") in which it determined that Zavala accrued four criminal history points and therefore fit into Criminal History Category III.[1] According to the PSR, Zavala's Total Offense Level was 21, which reflected a two level reduction under U.S.S.G. § 3B1.2(b) for his minor role in the offense, and a three level reduction for acceptance of responsibility under U.S.S.G. §§ 3E1.1(a) and (b). A total of 109 kilograms of marijuana was attributed to Zavala based on his participation in the distribution conspiracy. *See* U.S.S.G. § 2D1.1. His combined criminal history and offense level yielded a Guidelines imprisonment range of 46 to 57 months.

Zavala was sentenced on February 19, 2007. As of the date of sentencing, the Government had filed a motion under U.S.S.G. § 5K1.1 seeking a 10-month downward

---

[1] Zavala received three criminal history points on account of a 2001 conviction for forgery, which resulted in a sentence of 65 days' to 23 months' of imprisonment. He received one criminal history point for a 1998 conviction for the summary offense of harassment.

departure based on Zavala's substantial assistance in the investigation and prosecution of his co-conspirators. Zavala urged the District Court to vary downward further based on the factors set forth in 18 U.S.C. § 3553(a). He presented three arguments in support of this request. First, he argued that his criminal history category overstated the severity of his prior crimes. Zavala asserted that the only reason he was incarcerated rather than sentenced to probation for his forgery offense was because he could not afford to post bail. Accordingly, he asked the court to limit consideration of this offense. Similarly, Zavala argued that his harassment conviction merited little consideration because it was over ten years old and only resulted in a fine. Second, Zavala argued that his base offense level overstated the seriousness of the instant offense as the 109 kilogram quantity of marijuana attributed to him was near the bottom of the 100- to 400-kilogram Guidelines range. Third, Zavala claimed he was merely a "mule"[2] and that his co-conspirators took advantage of him by undercompensating him. As such, he insisted that his offense level overstated the seriousness of his criminal conduct.

The District Court rejected these arguments and denied Zavala's request for a downward variance. The District Court did, however, choose to sentence Zavala based on the very bottom of the applicable 46 to 57 month Guidelines range. Thus, after granting the Government's § 5K1.1 motion seeking a 10 month downward departure, the District Court imposed a sentenced of 36 months.

---

[2] In drug-drug trafficking parlance, a "mule" is a person who merely transports drugs. *See United States v. Holman*, 168 F.3d 655, 660 (3d Cir. 1999).

Thereafter, Zavala timely appealed.

**II.**

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

"Our responsibility on appellate review of a criminal sentence is limited yet important: we are to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008). "At both stages of our review, the party challenging the sentence has the burden of demonstrating unreasonableness." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (*en banc*). The abuse of discretion standard applies to both inquiries. *Id.*

Appellate review of a criminal sentence proceeds in two stages. *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)). We first must determine whether the District Court committed a "significant procedural error," for example, by "failing to consider the § 3553(a) factors . . . or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51; *see United States v. Smalley*, 517 F.3d 208, 214 (3d Cir. 2008). "A sentencing court need not make findings as to each factor if the record otherwise makes clear that the court took the factors into account." *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007). Nevertheless, we must assure ourselves that the District Court provided an "explanation . . . sufficient for us to see that the particular circumstances of the case have been given meaningful consideration within the parameters of § 3553(a)," *Levinson*, 543 F.3d at 196, and that

4

the sentencing court considered "any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record," *see United States v. Cooper*, 437 F.3d 324, 332 (3d Cir. 2006), *abrogated on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007).

If the District Court's decision is procedurally sound, we then consider the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In reviewing the substantive reasonableness of a sentence, "[w]e do not seek to second guess" the District Court. *See Levinson*, 543 F.3d at 196. Instead, we seek to ensure that "the record as a whole reflects rational and meaningful consideration of the factors enumerated in § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (*en banc*) (internal quotations omitted). Moreover, we are "highly deferential" to the sentencing court's application of the § 3553(a) factors. *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007). Accordingly, so long as a sentence is procedurally sound, we will affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

## III.

Zavala argues that the District Court imposed a procedurally unreasonable sentence by failing to adequately consider his arguments urging a downward variance under § 3553(a) and by failing to sufficiently explain its reasoning for rejecting these same arguments. We disagree. Although the District Court did not address Zavala's

5

arguments at length, the record is adequate for appellate review and evinces meaningful consideration of his arguments in favor of a downward variance.

The District Court clearly considered Zavala's first argument regarding his criminal history and adequately explained its decision not to vary downward on this ground. In response to Zavala's assertion that his prior forgery conviction should receive limited consideration, the District Court explained its disagreement by noting that the offense involved "just [] not one check . . . [but] three checks from [the] company by whom he was employed . . . ." (App. at 22.) The District Court went on to explain, "I'm not inclined to decrease the seriousness of that offense, so I will not depart based on the guideline as far as his criminal history." (*Id.*) Similarly, the District Court acknowledged that the past convictions, including the summary harassment offense, "seem relatively minor in terms of both the offense itself and as well as the recency," but explained, "[n]onetheless . . . given that, I think the [criminal history] computation is correct . . . ." (*Id.* at 21.) Although the court did not specifically reference Zavala's contention that he served time for forgery only due to his inability to post bail, we believe these statements in aggregate are sufficient to show meaningful consideration of his argument regarding his criminal history. *See Cooper*, 437 F.3d at 332. Similarly, we find the explanation for rejecting this argument adequate. *See Levinson*, 543 F.3d at 196.

It is also clear from the record that the District Court meaningfully considered Zavala's argument that his offense level overstated the seriousness of his criminal conduct and role in the conspiracy. The District Court explained that "the weights are

6

what the guidelines call for, but both of these factors will be considered by me in starting

at the low end of the guideline, and the motion for downward departure will be based on

the low end of that calculation." (*Id*. at 22.) Similarly, the District Court noted that

"with regard to his being duped into an offense, the Court did give him a two-level

reduction for his minor role, so that's been factored into the sentence." (*Id*. 21-22.) We

believe these statements evince meaningful consideration and sufficiently explain the

District Court's reasons for not varying downward.[3] Accordingly, we reject Zavala's

contention that the District Court imposed a procedurally unreasonable sentence.

To the extent Zavala's arguments might also be interpreted as a claim that the

District Court imposed a substantively unreasonable sentence by refusing his request for

a downward variance, we similarly reject this argument. We will affirm a procedurally

sound sentence as substantively reasonable "unless no reasonable sentencing court would

have imposed the same sentence on that particular defendant for the reasons the district

---

[3] Zavala insists that he was not actually seeking consideration of his minor role, but rather consideration of his status as a "mule" and possibility that he was taken advantage of by his co-conspirators because of the nominal pay he received. As noted earlier, in drug-drug trafficking parlance, a "mule" is a person who merely transports drugs. *See Holman*, 168 F.3d at 660. Although Zavala's role was minor compared to his co-conspirators, he nonetheless actively participated in distribution activities. (PSR ¶¶ 5-8.) Thus he cannot credibly claim that he functioned as a "mule." Accordingly, the District Court was not required to consider this argument. *See Cooper*, 437 F.3d at 329 ("The court need not discuss every argument made by a litigant if an argument is clearly without merit.") (internal citation omitted). Similarly, the fact that Zavala may have been undercompensated for the effort he put into advancing the drug conspiracy is immaterial for sentencing purposes.

court provided." *Tomko*, 562 F.3d at 568. Here, the District Court concluded that a sentence of 36 months was appropriate in light of Zavala's criminal history, active role in the conspiracy, and the sentencing factors set forth in § 3553(a).[4] We are satisfied that this sentence resulted from "rational and meaningful consideration of the factors enumerated in § 3553(a)," *Grier*, 475 F.3d at 571 (internal quotations omitted), and that it is substantively reasonable.

## IV.

Having found no procedural or substantive error, we will affirm the District Court's conviction and judgment of sentence.

---

[4] Although the District Court only indirectly referenced § 3553(a) when explaining its belief that the chosen sentence "[was] sufficient to address his *sentencing objectives*," (App. at 24 (emphasis added)), we are nonetheless satisfied based on this statement and the record as a whole that the District Court meaningfully considered these provisions. *See United States v. Arrelucea-Zamudio*, 581 F.3d 142, 148 (3d Cir. 2009) (describing the § 3553(a) factors as "sentencing objectives"); *Cooper*, 437 F.3d at 332 (noting that "[t]here are no magic words that a district judge must invoke when sentencing").